The Germania Fire Ins. Co. v. Mary Curran, *Administratrix, etc.*

1. Petition; *Averments; Sufficiency.* It is not necessary in a petition against a foreign insurance company to state that the company has taken the steps required by law to authorize it to do business in this state.

2. Party; *Administrator.* Where the assured has died, and the policy stipulates to make good any loss "to the assured, his executors, administrators and assigns," the action is properly brought in the name of the administratrix.

3. Notice *of Loss.* When the local agent in Leavenworth, acting upon information communicated to him by the plaintiff, gave notice to the office in New York within forty-eight hours, the notice was sufficient under the policy.

4. Proof *of Loss; Preliminary.* When a claim is prosecuted by an administrator, or other legal representative of a deceased person, the preliminary proofs of loss required by the policy to be made by the assured need not be in the very words of the stipulation, but a substantial compliance is sufficient.

2—8th kas.

5. Court *to construe written instruments; When omission no error.* It is the duty of the court to give a construction to written contracts given in evidence, but if it does not, and the verdict shows that the jury must have placed a correct construction upon it, there can be no reversal for this cause.

6. Evidence; *Examination; Estoppel.* The administratrix had stated in her examination, under oath, before the insurance agent, when examined, that she had sold the property burned, before the fire; *held,* that this statement did not estop her from showing the truth on the trial.

*Error from Leavenworth District Court.*

Action upon a policy of insurance, brought by *Mary Curran,* as administratrix. In April, 1867, John Curran procured his dwelling in Leavenworth to be insured for the sum of $600 by the *Germania,* Niagara, Hanover, and Republic Ins. Cos., of New York. Said insurers in and by their joint policy separately bound themselves as follows: "Each of said companies agrees to make good to the assured, his executors, administrators and assigns, all such immediate loss or damage, not exceeding in amount the sum insured by such company as aforesaid, as shall happen by fire to the property above specified, from the 17th day of April, 1867, at noon, to the 17th day of April, 1868, at noon; the amount of such loss or damage to be estimated according to the actual cash value at the time of the loss, and to be paid sixty days after due notice and proofs of the same, made by the assured, and received at the office of the general agency of the said companies in the city of New York, in accordance with the terms of this policy," etc. And said policy contained the following stipulations: "The assured shall forthwith give notice of said loss to the companies, through their general agent in the city of New York, and as soon after as possible render a particular account of such loss, signed and sworn to," etc. "If the property be sold or transferred, or any change take place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, then and in every such case this policy shall be void."

Curran died in June, 1867, and his wife *Mary* was appointed

administratrix of his estate. In September thereafter the building covered by said policy was destroyed by fire. The *Germania Ins. Co.* having refused to pay its proportion of the loss, this action was brought. ' The petition set forth the above facts, contained a copy of the application and policy, and alleged that the property at the time of its destruction belonged to the estate of John Curran, and demanded judgment for $150 and interest. The objection that the petition did not state facts sufficient to constitute a cause of action is discussed in the opinion of the court. The answer contained a general denial, and alleged that the plaintiff had parted with all interest in the building in August before the fire.

The case was tried at the spring term of the district court, 1869. The nature and character of the evidence are stated in the opinion. Among the instructions were the following:

" That to find for the plaintiff the evidence must satisfy you that as soon after the property was burned as by reasonable efforts she could, the plaintiff gave the defendant notice of her loss through the general agent of the company at New York city, and also rendered the defendant a particular account of her loss, duly signed and sworn to by her, containing a statement of the several matters and facts required by the conditions of the policy in such cases, and also produced to the company the certificate of the nearest disinterested magistrate, notary, or commissioner of deeds, containing the statements required by the conditions of the policy in that respect. But as to the notice required to be given by the plaintiff of her loss, it was sufficient if the local agent of the company here, (at Leavenworth,) acting upon information of the loss given by the plaintiff immediately after the fire, communicated intelligence and notice of the fire and loss of property to the defendant through its general agent at said city of New York.

" Respecting the alleged sale of the property, the court ·instructs the jury as follows: The meaning and import of the instrument entered into between the plaintiff and Wilson is not definite and certain, and I therefore submit the question to you to determine the intention of the parties. If it was to make an absolute sale of the property, then the plaintiff cannot recover; but if it was simply to sell conditionally, upon the payment of the full amount of the purchase money, and the plaintiff was to retain possession till such payment, and

did retain possession till the time of the fire, and the condition of payment by Wilson had not at that time been complied with, then the plaintiff is not prevented from maintaining her action by reason of such instrument."

To the instructions so given the defendant excepted. The defendant requested the court to instruct the jury as follows:

"1st. That the affidavit of plaintiff read in evidence shows that she had sold the building mentioned in the policy, and justified the defendant in refusing to pay.

"2d. That her statements in the affidavit read in evidence estop plaintiff from claiming she had not sold the building.

"3d. That the jury must find for the defendant."

The court refused the instructions so asked, and the defendant excepted. The jury returned a verdict in favor of the plaintiff for $162.50. Motion for new trial overruled, and judgment upon the verdict. The defendant brings the case to this court by petition in error.

*Clough* and *Wheat*, for plaintiff in error:

1. The petition was fatally defective. It did not contain averments showing a compliance with the law then in force, (laws of 1863, p. 60, §1,) prescribing terms upon which foreign insurance companies were authorized to transact business in this State; and the court erred in overruling the objection to admission of testimony. 20 Ind., 525; 2 Allen, 398; 3 Gray, 500; 25 Wend., 648, 2 Kas., 115; 3 Kas., 55. It is only by comity that the plaintiff could do business at all in Kansas. 16 Wis., 136; 18 Pick., 193; 13 Pet. 519; 20 Ind., 525; A. & A. on Corp., §161.

2. Nor did the petition state facts sufficient to constitute a cause of action in favor of Mary Curran, in this, that it did not show that the house was *personal property;* and of course, in absence of such a showing, it was *real estate,* and belonged to, and was the property of whomsoever owned the ground on which it stood. 16 Ill. 421; 16 Mass. 449; 22 Pick. 559; 19 Penn. St., 71; 29 Me., 115; 17 Vt., 403; 43 N. H. 390; 2 Kern., 170; 5 M. & W., 11.

3. The plaintiff testified as a witness that *she* paid the pre-

mium—that when the building burned *she* was in possession of it, and had been for about three years, and was so in possession when the policy was taken—that *she* held the lot by a lease from Rankin—thus showing, so far as title was concerned, that she, Mary Curran, (*not* as administratrix,) was the owner of the building, if Rankin did not own it; and having thus sworn, she cannot now be heard to claim contrary to her own sworn statements.   6 Cow., 690.

4. It was incumbent on the plaintiff below to prove that the notice of loss was given forthwith after the fire—and under that clause of the policy it was incumbent on any one intending to claim a right to recover on the policy to give notice of the loss so soon as with reasonable diligence in that behalf notice could have been given; and we submit that as matter of law even a week would be too long time to take.   12 Wend., 456; 1 Hoff. Ch., 172; 1 Bouv. Law Dict., 543; 1 Bur. Law Dict., 512.   And as there was an entire failure to prove a compliance in time with that clause of the contract, on the part of the plaintiff, all rights under the policy entirely passed away for want of such notice; and no act of the company or its agents, *after* the lapse of the time in which the notice of loss should have been given, operated, or could operate, either as a waiver of such notice, or as an acknowledgement thereof.   29 Penn. St., 198; 43 N. H., 621; 89 Eng. C. L. R., 257; 45 Me., 307; 11 Mo., 278; 18 Wis., 387.   Whether any of the agents of the Company did or did not know of the loss immediately after the fire, was immaterial.   It was a part of the contract that notice of the loss should *forthwith* be given by the assured—and any knowledge of the fire derived by such agents otherwise than from the assured, or his proper representative, would be of no avail.   1 Allen, 297; 3 Wend., 173; 8 Mo., 704; 17 Iowa, 178; 14 Mass., 116.

5. We claim, also, that the plaintiff's affidavit, that she had sold the building, was sufficient to estop her from claiming that she had not sold the building.   1 Gr. Ev., §§23, 27, 207, and 208, and the law of estoppel generally.   See, also, 18 Johns., 337, and 5 Pick., 380.

6. The court erred in leaving to the jury the construction of the legal effect of the contract of sale set forth in the answer, and in not determining the meaning and effect thereof itself; and in telling the jury it was not definite and certain; whilst, in fact, it has a legal meaning, in so far as it says anything, and as to such part of it, if any, as is meaningless, it is simply void. It is the *duty* of the court itself to construe contracts. 2 Allen, 234; 1 Kas., 303; 2 Kas., 491; 7 Ind., 38; 8 Gray, 248; 13 Ill., 601; 39 Ill., 484.

7. The court also erred by assuming, as it did, and instructing the jury that there was sufficient evidence for them to find that defendant's agent had, acting upon information of the loss given by Mrs. Curran, immediately after the fire, communicated the intelligence and notice of the fire and loss of property to the company through its general agent at the city of New York. 4 Seld., 67; 28 Ill., 424.

*James McCahon,* for defendant in error:

1. The petition is sufficient. It is not necessary to aver compliance with the requirements of the act of 1863. 2 Kas., 347.

2. The policy stipulated to make good to "the assured, his executors, administrators and assigns all such immediate loss or damage," etc., the administratrix is the proper party to sue. 3 Vesey, 341; 4 Brown, Parl. Ca., 431.

3. The notice of loss might be given through the local agent; and the acknowledgement of the receipt of such notice by the general agent at New York, is evidence that the notice was given: 40 Penn. St., 289; 52 Me., 492. And the testimony shows that the local agent at Leavenworth gave notice to the New York general agent by mail within 48 hours after the fire; and by reference to Mrs. Curran's testimony it will be seen that she was at the agent's office shortly after the fire. It cannot be said that there is no evidence that the notice given was upon information derived from plaintiff. The reasonable inference to be drawn is that the notice was given on such information. But as *notice to the company* is the substantial

object provided for by the policy, it is not seen how the insurer could be prejudiced if notice was obtained through a reliable source, although not from the assured.

4. The company declined to pay on the ground that the plaintiff had sold the property  The affidavit of Mrs. Curran does not operate as an estoppel.  It was made in pursuance of a requirement of the policy.  It was not voluntary.  It was made in the office of the agent of the company, and drawn up by and sworn to before his clerk, and refers to the writing which appears in evidence offered by the company.  To constitute an estoppel *in pais* it must be shown that the person subject to be estopped has made an admission or done an act with the intention of influencing the conduct of another, or that he had reason to believe would . influence his conduct inconsistent with the evidence he proposed to give or the title he proposed to set up; that the other party has acted upon or been influenced by such act or declaration; and that the party will be prejudiced by allowing the truth of the admission to be disproved.  18 N. Y., 392; 30 N. Y., 519, 541.  But the writing was at most only an agreement to sell.  There was no sale.  Neither title nor possession passed, and were not to pass until October.  The fire occurred in September.  If the owner of real estate has contracted to convey the . buildings insured thereon at a future day, on the payment of the purchase money, and between the date of the contract and the day of payment the premises are destroyed by fire, the vendor being in possession, it is not such an alienation as will vacate the policy.  Ang. on Ins., §206; 15 Johns., 278; 3 Denio, 254; 38 N. H., 232; 21 Iowa, 185, 193, 198; 10 Pick., 40, 44; 12 Ohio, 305; 20 Vt., 546; 5 Bosw., 247; 1 Comst., 299; 1 Gray, 426; 40 Penn. St., 289; 4 Metc., (Ky.) 9.

5. If the court erred in its instructions to the jury in relation to the writing, it was in not instructing the jury that it was not evidence of such a sale or change of .title as would defeat a recovery by the plaintiff.  And if there was any error in this respect, it was the plaintiff below that was prejudiced by it and not the defendant.

The opinion of the court was delivered by

KINGMAN, C. J.: On the 17th of April, 1867, the plaintiffs in error insured the dwelling of John Curran, in Leavenworth, for one year. On the 28th of June of that year John Curran died. On the 17th of September the building was destroyed by fire. The defendant in error having administered on the estate of Curran, her late husband, brought an action for $150, the amount insured by the plaintiff in error; and for this amount with interest she recovered judgment. To reverse this judgment the plaintiff in error brings the case to this court, alleging numerous errors, in pleading, in the admission and rejection of testimony, and in the instructions given and refused by the court. Such of these alleged errors as are deemed of importance will be noticed.

It is claimed that as the petition did not state that the insurance company had taken the necessary steps to authorize it to do business in this state as required by statute, that it was therefore defective, and no testimony should have been admitted under it. Such an averment was not only unnecessary, but in such an action as this the insurance company could not set up such a state of facts as a defense. A foreign insurance company doing business in this state, when sought to be made liable for its contracts made here, is estopped from saying that they are doing business contrary to law; and what the company could not set up as a defense, as to that matter, the plaintiff need not aver.

1. Petition, when sufficient.

As a further objection to the petition it is urged that the administratrix could not recover without an averment that the house was personal property. The policy stipulated to make good to "the assured, his executors, administrators, and assigns, all such immediate loss or damage," etc.; and the administratrix is the proper party to sue in such a case. (Angell on Ins., § 389; 2 Phil. on Ins., 1796.) There was testimony tending to show that John Curran owned the property insured, which he had built on leased property. It is true that Mrs. Curran speaks of it as though she had control of it, that she paid the insurance premium,

2. Party; when administrator may sue.

that she occupied it with her family. Yet this is to be taken in connection with the other testimony; and we think the jury very properly found it to have been the property of John Curran when insured.

The policy sued on stipulated that the assured should forthwith give notice of loss to the company through the general agent in New York. There is no direct, positive proof of such notice, and therefore it is claimed there could be no recovery; but the testimony showed that the local agent in Leavenworth gave written notice within forty-eight hours of the loss, to the general agent in New York, and that Mrs. Curran was at the local agent's office immediately after the fire; and one cannot read the case without a full conviction that she was in earnest in her efforts to get the insurance money. The jury were instructed on this point, that the plaintiff could not recover unless she gave the notice as soon as she could with reasonable effort do so; but that the notice was sufficient if the local agent of the company acting upon information of the loss given by plaintiff immediately after the fire, communicated intelligence of the fire and loss of property to the defendant through its general agent in New York. We think this was a fair presentation of the law as applicable to the testimony in this case. The jury must have found that the notice was given by the local agent, upon information furnished by the plaintiff; and this is a reasonable inference from the testimony, and a substantial compliance with the requirements of the policy.

It is insisted that the preliminary proofs of loss required by the policy, and given in evidence, are not such as the policy requires, and the case seems to have been tried on this hypothesis. These proofs are very full and minute, and but one objection is made to them in this court, and that alone will be noticed. The objection is at most very technical, and not to be favored; but even that will be found upon inspection to be illusory. In addition to proof of loss, the policy required that " the insured shall also produce a certificate under the hand and seal of a magistrate,

*3. Notice of loss; what is sufficient.*

*4. Proofs of loss, when made by the administrator.*

notary public, or commissioner of deeds, (nearest to the place of fire, not concerned in the loss as a creditor, or otherwise, nor related to the assured,) stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes the assured has, without fraud, sustained loss on the property insured to the amount which such magistrate, notary public, or commissioner of deeds shall certify." The certificate states that the magistrate who makes it, resides most contiguous to the property destroyed, that he is not concerned in the loss or claim as a creditor or otherwise, or related to the insured or sufferer, and then states "that I have examined the circumstances attending the fire or damage as alleged, and that I am well acquainted with the character and circumstances of the insured, and do verily believe that the estate of said John Curran, deceased, has by misfortune, and without fraud or evil practice upon the part of any of the heirs, or any one interested in said estate, sustained loss and damage to the amount of $760.40." A comparison of the requirement of the policy and the certificate made, shows a substantial, and as far as the situation of the parties permitted, almost a literal compliance with the stipulation of the policy; and when the object of the stipulation is considered, the objection will be found to be without color of reason.

Another point of more difficulty is this: After the death of her husband and before the loss by fire the plaintiff made *5. Written instruments; construction of.* a contract to sell the property to one Wilson. This contract is in writing. It is so obscure and uncertain that it is almost impossible to give it a definite construction. The court below avoided the difficulty by telling the jury that "the meaning and import of the instrument is not definite and certain, and therefore the question is submitted to the jury to determine the intention of the parties." It was undoubtedly the duty of the court to give a construction to the writing, and the failure to do so was error; but it is no ground for reversing the judgment, because it is clear that the jury must have put upon it a correct construction,

such as the court should have given it, or they could not have found for the plaintiff: *Richer v. Cutter*, 8 Gray 248. The instrument is not of itself a conveyance of the property, or a promise to convey. The most that can be made out of it is that it is an informal memorandum of terms, which the parties had agreed to about the property, which was to be carried into effect in October afterwards.

In her examination by the insurance company's attorney, the plaintiff, under oath, stated that she had sold the property to Wilson. This statement was made soon after the loss, and it was this statement, undoubtedly, that mainly induced the company to resist the payment. The counsel for plaintiff in error insists that this statement should operate as an estoppel on the administratrix, so as to prevent her denying the sale of the property. It has not one of the elements of an estoppel. It went to the jury, and had its proper influence in forming their decision, and this is all that can be justly claimed for it.

6. Evidence, when party not estopped from showing the facts.

In the course of the trial, plaintiff announced that he had closed his testimony, but before anything further had taken place, asked and obtained leave to introduce other testimony. This was correct practice.

From what has been said it is apparent that the court properly refused the instructions asked by the plaintiff in error, and did not err to the prejudice of the same party in the instructions given. The judgment must be affirmed.

VALENTINE, J., concurring.

BREWER, J., was not on the bench when this case was submitted.