Walker, Administrator, *v.* Steele *et al.*

Filed Jan. 11, 1890.

---

## No. 11,961.

## WALKER, ADMINISTRATOR, *v.* STEELE ET AL.

PRACTICE.—*Motion to Strike Out Pleadings.*—*Bill of Exceptions.*—*Supreme Court.*—Where the grounds of a motion to strike out an answer do not appear in the bill of exceptions, or elsewhere in the record, the Supreme Court will not adjudge that there was error in overruling it, if the motion was one the court could have properly entertained.

SAME.—*Answer in Confession.*—*Refusal to Permit Reply.*—Where a disclaimer, or answer, confesses the cause of action, the refusal of the court to permit a reply to be filed is not error.

SAME.—*Evidence.*—*Bill of Exceptions.*—*Supreme Court.*—Where the bill of exceptions is in due form, and shows that it contains all the evidence given in the cause, being properly signed by the presiding judge and filed within the proper time, an objection that the evidence is not properly in the record will not be sustained.

PLEADING.—*Disclaimer.*—Disclaimer, as a pleading, is recognized under the code only in actions for partition and to quiet title. Section 1072, R. S. 1881.

DECEDENTS' ESTATES.—*Assignment by Decedent.*—*Action to Set Aside.*—*Parties.*—*Witness.*—*Competency of.*—In an action by an administrator to set aside a transfer of a note and mortgage by a decedent, and have the same declared assets of the estate, a defendant, a residuary legatee, who is not a necessary party to the record, and whose interests are not adverse to

Walker, Administrator, *v.* Steele *et al.*

the estate, and who neither claims nor holds an interest in the note and mortgage, is a competent witness for the defendants.

SAME.—*Husband and Wife.—Parties.— Witness.*—The note and mortgage in question having been transferred by the decedent to the son, a minor, of one of the defendants, who, as his guardian, held both the note and mortgage for his benefit, the wife of such guardian is not a competent witness for her son, the assignee, under section 501, R. S. 1881, providing that : " Where the husband or wife is a party, and not a competent witness in his or her own behalf, the other shall also be excluded."

EVIDENCE.—*Proof of Handwriting.— Comparison.—Expert Testimony.— When Admissible.*—Expert testimony as to the genuineness of a signature, to be ascertained by comparison, is competent only where the comparison to be instituted is between the writing in question and another admitted to be in the hand of the person whose instrument the writing in question is claimed to be.

SAME.—*Declarations in Absence of Adversary.—Rule as to Transactions.*—A party can not prove his own declarations made in the absence of his adversary to sustain his cause of action or defence, but the rule does not extend to transactions.

APPEAL.—*Time and Manner.— Civil Action.—Decedents' Estates.*—An appeal in an action by an administrator to recover as assets a note and mortgage assigned by the decedent is properly taken if it conforms as to time and manner with section 633, R. S. 1881, governing appeals from the circuit and superior courts in civil actions.

From the Hancock Circuit Court.

*D. Turpie, D. S. Gooding* and *M. B. Gooding,* for appellant.

*W. R. Hough, E. Marsh* and *W. W. Cook,* for appellees.

BERKSHIRE, J.—The appellant, who was the plaintiff in the court below, instituted this action to set aside the transfer of a certain note and mortgage, and to recover the same as a part of the assets of the said estate.

The appellees John Steele and Franklin Steele, filed an answer, which they styled a disclaimer ; Samuel Steele, Jr., who is an infant, and Franklin Steele, in his capacity as guardian of the said Samuel Steele, Jr., answered by a general denial.

There was a jury trial, and a verdict returned for the appellees.

The appellant filed a motion for a new trial, which the court overruled, and he excepted to the ruling of the court, and thereupon the court rendered judgment for the appellees.

The errors assigned are as follows:

1st. The circuit court erred in refusing to strike out the disclaimer of John Steele and Franklin Steele from the pleadings, and in overruling the motion to allow a reply to be filed thereto by the appellant.

2d. The circuit court erred in overruling the motion of the appellant for a new trial.

The grounds of the motion to strike out the disclaimer do not appear in the bill of exceptions or elsewhere in the record, therefore if the motion had been one which the court could have properly entertained we can not say that the court erred in overruling it. If no reasons were assigned, or if reasons were given, if they were insufficient, then the court committed no error in overruling the motion.

Counsel for the appellant discuss at some length the action of the court in overruling the appellant's motion for leave to file a demurrer to the disclaimer, but the errors assigned are not broad enough to raise the question.

It is assigned as error that the court erred in overruling the demurrer to the disclaimer, but the record shows that no such demurrer was filed, the court having refused to allow the appellant to file a demurrer.

Under our code of practice, which abolishes all distinctions between law and equity, our mode of procedure is much simplified, and the rules of pleading and practice under the old system in actions at law and suits in equity are very much modified.

Our present system does not recognize any such pleading as a disclaimer except in actions for partition and to quiet title. See section 1072, R. S. 1881.

The paper filed by John and Franklin Steele, and styled a "disclaimer," was nothing more than an answer, confessing the cause of action, and did not require a reply, therefore

even had it been proper practice to file a reply the appellant was not injured because of the action of the court in refusing to allow him to reply thereto. See *McAdams* v. *Lotton,* 118 Ind. 1, and authorities cited.

The eleventh reason assigned for a new trial is that the court erred in permitting the appellee John Steele to testify as a witness over the objection of the appellant.

We do not think that the court erred in allowing the witness to testify. Section 498, R. S. 1881, reads as follows:

". In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record whose interest is adverse to such estate shall not be a competent witness as to such matters against such estate."

Under this statutory provision two facts must co-exist to render a person incompetent to testify as a witness against the executor or administrator; he or she must be a *necessary party to the issue or record, and his or her interest must be adverse to the estate.*

In the case under consideration neither of these facts existed. The note and mortgage in question had been assigned by the decedent to Samuel Steele, Jr., and this was an action to set aside the transfer and have the note and mortgage declared to be assets belonging to the estate.

John Steele was claiming no interest in the note or mortgage, and, under the facts alleged in the complaint, he held no interest therein.

The whole controversy was one between Samuel Steele, Jr., his guardian, Franklin Steele, and the appellant; the matters involved could have been fully, completely and finally determined as well without as with John Steele as a party to the action.

It is true the complaint charged a fraud and a conspiracy,

and charged John Steele with being a party thereto, but only in case of a destruction of the note was a judgment asked against him, and during the progress of the case, and before he was sworn and testified as a witness the note and mortgage were produced and placed in the custody of the court.

It further appears in the record that the decedent died testate, and that the appellee John Steele was one of the residuary legatees; therefore if the transfer of the note and mortgage was upheld by the judgment of the court, his interest in the estate would be greatly reduced; his interest, therefore, was not adverse to the estate, but in accord with it. "The term 'party,' as used in this statute, must be held to mean a party to the issue, and not merely a party to the record. If merely a party to the record, it must appear that he had some interest in the result of the suit in common with the party calling him." *Spencer* v. *Robbins,* 106 Ind. 580. See *Martin* v. *Martin,* 118 Ind. 227; *Starret* v. *Burkhalter,* 86 Ind. 439; *Upton* v. *Adams,* 27 Ind. 432; *Scherer* v. *Ingerman,* 110 Ind. 428.

The seventh reason assigned for a new trial is the exclusion of the testimony of John C. S. Harrison, a witness offered by the appellant.

One of the paragraphs of the complaint charged that the endorsement on the note in controversy was a forgery. The witness was introduced as an expert, and the appellant offered to prove by him that the endorsement on the note was not in the same handwriting as the signature to what purported to be and was claimed to be the will of the testator.

It is well settled by our own decisions that testimony of this character is only competent where the comparison to be instituted is between the writing in question and another writing which is admitted to be in the hand of the person whose instrument the writing in question is claimed to be. *Chance* v. *Indianapolis, etc., G. R. Co.,* 32 Ind. 472; *Burdick* v. *Hunt,* 43 Ind. 381; *Huston* v. *Schindler,* 46 Ind. 38.

The paper purporting to be the will of the testator was

not admitted to be one that had been executed by him or to which he had placed his signature.

The twelfth and thirteenth causes for a new trial relate to the admission of certain testimony given by the witness Marion Steele.

The evidence related to a transaction between the appellee Franklin Steele and one Ebenezer Steele, which resulted in a conveyance by Ebenezer to Franklin of 520 acres of land.

The objection is that this transaction took place in the absence of the testator, and that the estate was not, therefore, bound by the evidence. The testimony, as given, was not as to a conversation between these parties, but as to what was said and done as a transaction.

Prior to giving the testimony objected to, the said witness had testified, in substance, that some time in the month of December, 1881, a few months before his death his Uncle Samuel, the decedent, had expressed a desire to talk with him in relation to his, said Samuel's, property, and the disposition of the same; and that he then had a conversation with him in regard to his business and the disposition of his property, in the course of which he, said Samuel, told him that he was thinking of fixing up his business affairs, and that he intended to distribute the remainder of his property during that winter and the next spring; that he also stated in that conversation that his (the witness's) brother Frank (the appellee Franklin) held a mortgage on a part of his (the witness's) Uncle Eb.'s land ("Uncle Eb." being the brother of the decedent), and that he (Samuel) also held a mortgage on the same property; and that the same had been mortgaged to a life insurance company, and sold, and that Frank had taken in the certificate of sale to save himself; and that he also said in that conversation that Frank would have to foreclose his mortgage or get an amicable settlement out of "Uncle Eb." some way.

The witness also testified that this mortgage held by

Franklin was for $18,000, or more (this mortgage was given in evidence, see pp. 584–5) ; and that the mortgage held by Uncle Samuel (decedent) was the one securing the note in controversy.   And he testified further that in the conversation Samuel (decedent) had said that the amount of these mortgages was in excess of the value of the land ; that Frank would never be satisfied with less than the full amount of his mortgage, for the reason that a part of the money secured by it belonged to the heirs of the witness's deceased brother, of whom he (Frank) was guardian ; that it had been a question whether Ebenezer would convey the mortgaged premises without a suit first being commenced against him, and that he (Samuel) said that if Ebenezer would convey the property (mortgaged premises) to Frank, he (Samuel), in order to help him out of his embarrassment, and save his house and lot in Indianapolis, and one other tract of land he owned, aside from that mortgaged, as aforesaid, which contained 160 acres, upon which there was a lien of about $1,000 and if Frank would accept a deed for the 520 acres which was covered by said mortgages, in satisfaction of his mortgage, and assume the other of said mortgages thereon, would give two bills and the note in controversy (which was secured by the mortgage he held on said land) to Frank's boy (the appellee Samuel, Jr.), which would be a fair equivalent of his (Frank's) claim over the value of the land.   He also further testified that in that conversation said Samuel (decedent) requested him (the witness) to get Ebenezer to make the conveyance, and asked him (witness) to see Ebenezer (who was then in the west) as soon as he returned to his home in Indianapolis, and ascertain if he (witness) could get him (Ebenezer) to settle, as he (Samuel) desired to avoid litigation.

This testimony rendered that objected to material.   It is well settled, as counsel for the appellant contend, that a party can not prove his own declaration, made in the absence of his adversary, to sustain his cause of action or defence, but the rule does not extend to transactions.

" Where an act is competent, so, also, are the declarations of the persons engaged in its performance and constituting a part of the thing done." *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138; *Creighton* v. *Hoppis,* 99 Ind. 369; *Baker* v. *Gausin,* 76 Ind. 317.

We come next to the eighth, ninth and tenth causes assigned for a new trial, all of which relate to the competency of Mrs. Martha M. Steele as a witness for the appellees. She was the wife of Franklin Steele, who, as guardian of Samuel Steele, Jr., was a party to the action, and interested in the subject-matter thereof. His answer was a general denial; his interest was adverse to that of the estate represented by the appellant. It was the same as that of his ward; it was in behalf of his ward. He and his ward answered separately, but the answer by the ward was only a general denial; his defence was necessarily the same as that of the ward; whatever would bar the action as to one of them would defeat it as to the other. Their interests are one and the same—to secure and save to the ward, Samuel Steele, Jr., the note and the mortgage given to secure it.

It is conceded that the witness was not competent to give testimony for her husband. When this is admitted there is no further room for controversy.

The contention is that though incompetent to testify for her husband, she was a competent witness for his co-appellee, though her testimony might incidentally affect his rights.

But the premises being false, the conclusion is necessarily wrong; the testimony of the witness did not, and could not, in the very nature of things, affect the issues as to Franklin Steele incidentally. Her testimony came with the same directness and force in Franklin Steele's behalf as it did in behalf of the appellee Samuel.

If the witness had been the wife of the appellee Samuel Steele, instead of his mother, and called as a witness for the appellee Franklin Steele, and had given the same testimony, there would be as much reason in the contention that it only

incidentally affected the rights of the appellee Samuel, as there is in the present contention.

In the case of *Sutherland* v. *Hankins,* 56 Ind. 343, cited by .counsel for the appellees, the rights of the parties were different; and where the testimony of a witness might directly affect the rights of one party, and only incidentally those of another.

The case of *Lynam* v. *Buckner,* 60 Ind. 402, cited by counsel for appellant, is much in point, and decisive of the question under consideration; but, without authority, it would seem that there ought to be no difference of opinion in the construction to be given to the statute, section 501, R. S. 1881: " When the husband or wife is a party, and not a competent witness in his or her own behalf, the other shall also be excluded." Counsel for the appellees seem to have regarded the appellee Franklin Steele as incompetent, as they did not offer him as a witness; he would have been competent to testify for his co-appellee, if counsel's contention is correct.

The witness was not competent, and the court erred in allowing her to testify, over the appellant's objection.

The point is made by counsel for the appellee that the evidence is not in the record. The bill of exceptions is in due form, and shows that it contains all of the evidence given in the cause, and is properly signed by the judge who presided at the trial, and was filed within the proper time.

The certificate of the clerk, to which our attention is called, can not control the record. There is nothing in the record, or bill of exceptions, going to indicate that there was a short-hand reporter connected with the case in any way.

We have considered all the questions discussed by counsel, and in the order as presented in the argument.

Because of the error committed in allowing the witness, Martha M. Steele, to testify, the judgment must be reversed.

Judgment reversed, with costs.

Filed Oct. 9, 1889.

ON PETITION FOR A REHEARING.

BERKSHIRE, J.—During the preparation of the original opinion we overlooked the motion pending to dismiss the appeal.

The petition affords an opportunity to consider and pass upon the motion, which we are pleased to improve.

The action was instituted by the appellant to recover, as assets belonging to the estate of the decedent, a certain promissory note, and a mortgage given to secure the same, held for the benefit of the said Samuel, who was a minor, by his co-appellee as guardian.

The *gravamen* of the motion is that the appeal was not taken within the time, and in the manner prescribed in sections 2454, 2455, 2456 and 2457. These sections of the statute are found in the act for the settlement of decedents' estates. This statute relates exclusively to the probate jurisdiction of the circuit court, and all of its sections and provisions appertain thereto. Section 2217, R. S. 1881, being the first section of said act, reads as follows:

" The circuit courts of this State shall have exclusive original jurisdiction of all matters relating to the probate and contest of last wills and testaments, the granting of letters testamentary and of administration, and the settlement and distribution of decedents' estates. The court granting the letters shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon said letters shall have been granted."

Sections 632 and 633, R. S. 1881, being sections 628 and 629 of the act governing proceedings in civil actions provide for appeals from the circuit and superior courts.

Section 633 reads as follows: " Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered. In all cases heretofore tried they must be taken within one year from the time this act takes

effect; but the time allowed the appellant by the pre-existing law shall not be enlarged. Where the appellant is under legal disabilities at the time the judgment is rendered, he may have his appeal at any time within one year after the disability is removed."

The superior courts within the State are courts having general jurisdiction, but they have no probate jurisdiction.

The cause of action here involved is transitory, and could have been prosecuted in any court having general jurisdiction, where there was jurisdiction over the person, in any one of the superior courts of the State, or in the courts of another State.

If the cause of action was one within the probate jurisdiction of the circuit court, then the action was local to the particular court where the estate was being settled.

If the judgment in question had been rendered in one of our superior courts, or in one of the courts in another State, there can, we think, be no doubt but what, in the one case, the right of appeal as regulated by the civil code would prevail, and in the other the *lex fori* would control.

It must follow, therefore, that the provisions of the civil code must govern, though the judgment was rendered in the circuit court.

But if we hold that the motion to dismiss the appeal is well taken, the following cases must be overruled : *Koons* v. *Mellett, post,* p. 585 ; *Heller* v. *Clark,* 103 Ind. 591 ; *Bennett* v. *Bennett,* 102 Ind. 86 ; *Browning* v. *McCracken,* 97 Ind. 279 ; *Miller* v. *Carmichael,* 98 Ind. 236 ; *Yearley* v. *Sharp,* 96 Ind. 469 ; *Hillenberg* v. *Bennett,* 88 Ind. 540 ; *Willson* v. *Binford,* 74 Ind. 424 ; *Rusk* v. *Gray,* 74 Ind. 231 ; *Seward* v. *Clark,* 67 Ind. 289.

The motion to dismiss must be overruled.

After giving due consideration to that part of the petition that relates to the original opinion, we must still adhere thereto.

Petition overruled, with costs.

Filed Jan. 11, 1890.