ELIZABETH McELROY v. THE CONTINENTAL INSURANCE COMPANY, OF NEW YORK.

1. INSURANCE—*Limiting Time of Suing on Policy.* When in a policy of insurance the parties have stipulated "that no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, . . . unless commenced within 12 months next ensuing after the fire," no recovery can be had unless the action in which recovery is sought is commenced within such a time, and the statutes of limitation of this state, and their exceptions, have no application to the conventional limitation prescribed by the policy.

2. ACTION, *Too Late.* When a policy of insurance contains such a stipulation, and a fire occurred on September 15, 1887, and an action was commenced on the policy to recover the loss on the 28th of December, 1887, and dismissed by the plaintiff, without prejudice to a future action, on the 18th day of October, 1888, and this action was commenced on the 28th day of October, 1888, *held*, it was too late.

*Error from Wabaunsee District Court.*

ACTION to recover on a fire-insurance policy. Judgment for the defendant *Company*, at the May term, 1889. The facts are stated in the opinion.

*J. B. Barnes*, and *A. H. Case*, for plaintiff in error.
*Eugene Hagan*, for defendant in error.

Opinion by SIMPSON, C.: Action on a fire policy issued by defendant company to plaintiff for $2,000. The loss by fire occurred September 15, 1887. On the 28th day of December, 1887, the plaintiff commenced an action in the district court of Wabaunsee county against the defendant company, and that action was, upon motion of plaintiff, on the 18th day of October, 1888, dismissed without prejudice to a future action. The petition does not allege that the actions are the same, and that the first failed otherwise than on the merits, but uses the expression, "*This* suit was commenced in this court on the 28th of October, 1888." The policy contained this agreement:

"It is hereby covenanted and agreed, that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after an award shall have been obtained by arbitration or appraisal in the manner above provided, nor unless commenced within 12 months next ensuing after the fire, exclusive of any time consumed in arbitration or appraisal."

This action was commenced the 18th day of October, 1888. The trial court sustained a demurrer to the petition, on the ground that it does not state facts sufficient to constitute a cause of action against the defendant, and that ruling is brought here for review.

The theory of the demurrer is, that the parties by their agreement have fixed a limitation of time within which an action on the policy can be commenced, and this action not having been brought within that time, any cause of action

which plaintiff in error might have had on the policy by rea-
son of the loss by fire is barred by the limitation created by
the agreement. Against this contention, it is said that § 23
of the code of civil procedure, that reads: "If any action be
commenced within due time, and a judgment thereon for the
plaintiff be reversed, or if the plaintiff fail in such action
otherwise than upon the merits, and the time limited for the
same shall have expired, the plaintiff, or, if he die and the
cause of action survive, his representatives, may commence a
new action within one year after the reversal or failure," ap-
plies as well to the limitations made by the agreement as to
those made by the statute. In this court, it was agreed on the
argument that both sides had waived that part of the limita-
tion contained in the policy as to arbitration or appraisal,
leaving the controlling question in the case to be, whether or
not § 23 of the code applies to periods of limitation created
by the agreement of parties. There is some contention in the
brief of the plaintiff in error, although none at the bar, that,
as this policy gave the assured 60 days within which to make
proofs of loss, this time of 60 days must be deducted from the
12 months prescribed by the agreement, but the weight of
the well-considered cases is against such a construction. See,
notably, *Chambers v. Atlas Ins. Co.*, 51 Conn. 17; *King v.
Fire Ins. Co.*, 47 Hun, 1; *Fire Ins. Co. v. Wells*, 83 Va. 736;
*Travelers' Ins. Co. v. California Ins. Co.*, 19 Ins. Jour. 636;
*Bradley v. Phœnix Ins. Co.*, 28 Mo. App. 7; *Johnson v. Hum-
boldt Ins. Co.*, 91 Ill. 92. But in considering the cases cited,
a proper discrimination must always be observed between
those policies that read, "after the loss," "from the loss,"
"from the time the loss occurs," and this policy, that reads,
"within 12 months after the fire shall have occurred."

On the other question: While it is admitted that parties to
a contract may, by express agreement, fix a limitation of time
within which any action for its breach shall be commenced,
even if the time fixed is less than that allowed by statute, and
that in such cases of agreement the statutory limitations do
not apply, yet it is insisted that the exceptions to the statutory

limitations do apply in such cases.   This seems to us to be an unreasonable contention, and not supported by any authority to which our attention has been called.   The case of *Riddlesbarger v. Hartford Ins. Co.*, 7 Wall. 386, says "that the rights of the parties flow from the contract.   That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

In the case of *Wilkinson v. Fire Ins. Co.*, 72 N. Y. 499, the policy sued upon contained a provision that no suit for the recovery of any loss thereunder shall be sustainable in any court of law or chancery, unless it shall be commenced within twelve months after the loss occurs, any statute of limitation to the contrary.   The action was commenced more than two years after the loss occurred.   To avoid the limitation contained in the policy, the plaintiff alleged that the insurance company had been enjoined by a court of competent jurisdiction from paying, and a third party, who claimed to own the policy, from receiving the amount of the loss.   Section 105 of the code of New York contains a provision saving the rights of parties stayed by injunction.   The court says:

"It is to be observed that this claim is not justified by the terms of the contract.   The provision fixing the time within which an action must be brought is distinct, definite, and unqualified.   The contract contains no saving of the right of action after the expiration of a year from the loss for any cause whatever, and unless the bringing of the action within the time limited by the contract was waived by the defendant, or was excused and made impossible by the act of God or of the law, the remedy of the plaintiff has been lost."

The court further says, in commenting upon saving the rights stayed by an injunction:

"This provision does not aid the plaintiff.   The exception has no application where a limitation is prescribed by the contract of the parties, but only applies to cases governed by the limitations in the general law"—citing the case in 7 Wall. and others.

The last case is affirmed in *Arthur v. Homestead Ins. Co.*, 78

N. Y. 462, the facts being similar to the one we are now considering.

In the case of *Wilson v. Ætna Ins. Co.*, 27 Vt. 99, the policy contained the one-year limitation. The loss occurred on the 6th day of May, 1849. On the 1st day of September, 1849, the plaintiff commenced an action on the policy to recover the loss. On the second Tuesday of March, 1851, the plaintiff was obliged, without fault on his part, to submit to a nonsuit. On the 20th of August he commenced this suit. The court says:

"A stipulation in a policy of insurance, that no action shall be sustainable unless commenced within 12 months after the loss, is binding, and bars a suit commenced after that time, even though a prior suit was commenced within 12 months, and failed without fault on the part of the plaintiff."

Redfield, C. J., commenting on such a stipulation, remarks:

"This stipulation is too explicit to allow of any escape from its import by construction. It is not that an action shall be commenced within 12 months, but that no recovery shall be had unless such action is commenced within 12 months after the loss. Such action can only signify the action in which recovery is sought. That must be this action, and all actions in which a recovery is claimed, and there is no provision for any exception on account of the failure of any such action. And without such a provision in the contract the court cannot import one, without subjecting the contract to virtual disregard at the mere will or caprice of the parties. No court of law could relieve the party from the performance of a condition of this nature, unless it be on proof of the fraud of the other party. If the party could have any relief in such case, which is questionable — too questionable to be hopeful — it would not be here."

To the same effect is the case of *Brown v. Insurance Co.*, 7 R. I. 301. The court says:

"The statute of limitations has no application in any of its provisions to the clause in question, and, indeed, the only argument against the clause is, that it sets up for the contract a different law of limitation from that which the law imposes. We have held that the contracting parties have a right to do

this in reference to a policy of fire insurance, and we know no right that we have, from a consideration of general equity, to import into their contract qualifying terms which they have not seen fit to adopt."

It seems to us that if it be conceded, as it has been by many courts of last resort, including the supreme court of the United States, that the parties to an insurance contract can stipulate as to the time within which an action shall be brought to recover a loss, independent of the limitations prescribed by the statute, then that stipulation alone must govern; because it is both unreasonable and illogical to say that the general limitations, that are almost universal in their operation upon all causes of action, cannot control the conventional limitation fixed in the policy, but that the exceptions to the general limitations prescribed by the statute, that are contingent, incidental, and entirely dependent upon the general limitations, do apply to and control the stipulation of the parties.

We are of opinion that the trial court ruled right in sustaining the demurrer to the petition, and recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.