THE GERMAN INSURANCE COMPANY v. MARY J. WRIGHT.

**No. 157.**

1. EXECUTOR—*is proper person to bring action on insurance policy when loss occurs after decease of testator.* When a petition alleges that the plaintiff is the duly qualified and acting executrix of the last will of a person who procured a policy of insurance upon a dwelling house, but who died before the loss occurred, *held*, that such executrix is the proper person to maintain an action to recover upon a loss occurring under the policy, and that the allegations of the petition are sufficient to show her right to maintain the action.

2. CIVIL PROCEDURE—*Rice v. Hodge, 26 Kan. 164, followed as to time of making up issues.* The case of *Rice v. Hodge* (26 Kan. 164), and others, cited and followed as to the time the issues are made up and the case is triable.

3. INSURANCE—*risk increased by another than the policy holder, policy not void.* When a fire insurance policy contains a clause which provides that the policy shall be null and void if the risk be increased in any manner except by the erection and use of ordinary outbuildings, such clause applies to anything done either directly or indirectly by the insured, and not to those things which are done by another, over which the insured has no control, and of which possibly he may not even have had notice.

4. ACTION COMMENCED—*attempt in good faith is sufficient.* Where an attempt is made to commence an action on January 29, 1891, by filing a petition in the district court and causing the issuance of a summons thereon, the service of which is afterwards set aside, and where an alias summons is issued on February 12 and properly served on February 14, 1891, *held*, that under paragraph 4097 of the General Statutes of 1889 the action will be deemed to have been commenced on said January 29.

Error from Butler District Court. Hon. C. A. Leland, Judge. Opinion filed July 21, 1897. *Affirmed.*

*Winne & Sanders*, for plaintiff in error.

*E. N. Smith*, for defendant in error.

DENNISON, P. J. This action was brought in the District Court of Butler County, Kansas, by Mary J.

612    INSURANCE CO. v. WRIGHT.

S. Dept.          Opinion.  Dennison, P. J.    ·    6 Kan. App.

Wright as executrix of the last will of Joseph F. Wright, deceased, as plaintiff, against the German Insurance Company, of Freeport, Ill., defendant, to recover for the loss by fire of a dwelling house upon which said Company had written a policy.

The house, when the policy was written, was located upon a farm, and permission was given in the policy to the insured to remove the house to lot 8, block 5, Hightower's addition to Beaumont, Kan. The house was so removed, and afterwards another house was built upon an adjoining lot within twenty-one and one-half feet of the insured house, and said other house caught fire and was the immediate cause of the burning of the insured house. The other building was erected without the knowledge or consent of said Insurance Company, and was erected upon a lot not owned or controlled by the assured, and without any fault upon his part.

The policy provides that, if the risk be increased in any manner except by the erection and use of ordinary outbuildings, without consent indorsed thereon, the policy shall be null and void. It also provides for immediate notice of loss, and proof thereof to be furnished within thirty days, and if such proof is not furnished within sixty days from date of loss, the claim shall not be due and payable, and the policy shall be null and void and of no effect. It also provides that no suit shall be brought against the Company unless commenced within six months after the loss shall have occurred.

The policy is dated May 27, 1886, and expired May 24, 1891. Joseph F. Wright died June 26, 1890. The loss under the policy occurred August 5, 1890. On September 24, 1890, Mary J. Wright was duly appointed executrix of the last will of Joseph F. Wright

by the Probate Court of Butler County, Kansas, and she immediately qualified, and entered upon the discharge of the duties imposed by said appointment.

The plaintiff in error contends that the demurrer to the petition should have been sustained because the petition contains no allegation of the probate of the will, and that, the devisee being an assign or assignee of the insured, said devisee and not the executrix is the proper party to bring suit. The petition alleges that the defendant in error is the duly appointed, qualified and acting executrix of the last will of Joseph F. Wright. The allegations of the petition are sufficient, and the executrix is the proper party to maintain the action. See *Germania Insurance Company v. Curran, Administratrix*, 8 Kan. 9.

The answer in this case was filed on the twenty-fourth day of March, 1891. On the twentieth day of October, 1891, the parties announced themselves ready for trial. After the jury was impaneled and sworn to try the case, the defendant moved the court for judgment, stating that no reply was filed in the case. The plaintiff asked leave to file a reply, which request was granted, and the motion of the defendant for judgment was overruled. The defendant then objected to the introduction of any evidence in the case, for the reason that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The plaintiff then offered in evidence an agreement between the parties, marked exhibit "A." The defendant then objected to the trial of the case at that time for the reason that the issues were not made up ten days before the commencement of the term. The court stated to the counsel for the defendant, "If the defendant is prepared to make a showing that this is a surprise, I will

614          INSURANCE Co. v. WRIGHT.

S. Dept.            Opinion.  Dennison, P. J.          6 Kan. App.

give you until morning.'' The counsel for the de-
fendant asked for the delay, and the case went over
until the next morning, when the trial was proceeded
with over the objection of the defendant, but without
any showing having been made by him.

The defendant claims that the court erred in per-
mitting the reply to be filed out of time, and in forc-
ing it to go to trial the next day after the filing of the
reply. These matters rest in the sound discretion of
the trial court, and there was no abuse of judicial dis-
cretion. Paragraph 4189 of the General Statutes of
1889 authorizes the court or a judge thereof in vaca-
tion to allow pleadings to be filed after the time fixed
by the statute. See *Wright v. Bacheller*, 16 Kan. 259 ;
*Rice v. Hodge*, 26 Kan. 164.

The issues in this case were made up as soon as the
plaintiff defaulted by not filing a reply, and the case
stood for trial at any term begun ten days thereafter.
The provisions of paragraph 4410 of the General Stat-
utes of 1889 had spent their force. This position is
clearly argued in *Rice v. Hodge* (26 Kan. 164). See
also *Taylor v. Hosick*, 13 Kan. 518 ; *Grant v. Pendery*,
15 Kan. 242.

The next contention is that the court erred in over-
ruling the demurrer to the evidence introduced by the
plaintiff below. This contention is based, *first,* upon
the fact that an exposure had been erected upon a lot
adjoining the one upon which the insured house was
located ; *second,* that no proof of loss had been fur-
nished ; *third,* that suit had not been commenced
within six months after the fire occurred.

In answering the first proposition, it will become
necessary to determine whether the clause in the policy
which provides that the policy shall become null and
void if the risk be increased in any manner except by

INSURANCE CO. v. WRIGHT.                615

July 21, 1897.      Opinion.    Dennison, P. J.          C. Div.

the erection and use of ordinary outbuildings, without consent indorsed thereon, shall be held to apply to a case where a building is erected upon an adjoining lot, which belongs to another party and is in no manner under the control of the insured.

No authorities are cited by either party upon this question. It would seem to us to apply to anything done either directly or indirectly by the insured, and not to those things which are done by another, over which the insured has no control, and of which possibly he may not even have had notice.

In answering the second proposition, it is only necessary to state that Mr. Winne is admitted by the pleadings to be the duly authorized agent of the Company, and there was some evidence tending to establish the fact that, prior to the expiration of the sixty days, he denied the liability of the Company, giving as a reason therefor that the fire caught in the other house. It has been repeatedly held by the Supreme Court of this State, that this, if true, obviates the necessity of proof of loss being furnished.

In answering the third contention, the following facts are to be considered: The loss occurred August 5, 1890. The petition was filed January 29, 1891, and two summonses were issued upon that day. On February 11, 1891, the defendant specially appeared and moved the court to dismiss the action because no legal summons had ever been served upon it; and on March 4, 1891, the service was set aside and the costs taxed to the plaintiff. On the twelfth day of February, 1891, the plaintiff had an alias summons issued, which was duly served upon the defendant.

An action is commenced by the filing of a petition and causing a summons to be issued thereon. ¶ 4136, Gen. Stat. 1889. It is not contended that the six

months' limitatation is not binding upon the parties. This question has been settled in this State by repeated decisions of our Supreme Court. See *McElroy v. Insurance Company*, 48 Kan. 200 ; *Insurance Company v. Stoffels*, 48 id. 205 ; *Insurance Company v. Osborn*, 1 Kan. App. 179.

In *Insurance Company v. Stoffels*, supra, the court says :

"A stipulation in a policy of insurance limiting the time within which suit may be commenced thereon is binding on the policy holder ; and where the provision in the policy is, that 'no action shall be sustained thereon unless commenced within six months next after the fire,' the limitation shall commence to run from the date of the fire, and not from the expiration of the period within which the company may pay the loss."

The petition in this case was filed January 29, 1891, being several days prior to the expiration of the six months' limitation. The service of the summons only was set aside on March 4, 1891. On February 12, 1891, an alias summons was issued and properly served. This is a full compliance with the requirements of the statute. The plaintiff certainly attempted to commence her action on January 29, 1891, and faithfully, properly and diligently endeavored to and did procure a service upon the Company within sixty days. See *Thompson v. Wheeler & Wilson Mfg. Co.*, 29 Kan. 476.

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service ; but such attempt must be followed by the first publication or service of the summons within sixty days." ¶ 4097, Gen. Stat. 1889.

Not only this, but the defendant entered its general

appearance in the case on February 24, 1891, by filing a demurrer to the plaintiff's petition.

In *Insurance Co. v. Stoffels*, supra, the summons and the service thereof were set aside, and the action was held to have been commenced too late; but in that case no attempt had been made to procure service, and service of the summons was not made within sixty days from the filing of the petition.

The judgment of the District Court is affirmed.