## J. N. COIL, Executor, Respondent, v. CONTINEN- TAL INSURANCE CO., Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. INSURANCE: Instalment Premium: Default: Suspension. A provision in a policy of insurance that a default in the payment of an instalment premium note would suspend the policy during default, is valid, and a loss occurring during the default is not payable.

2. ———: Proceeds of Policy: Heirs: Duty to Pay Premiums: Probate Court. Where the real property is destroyed after the death of the insured, the proceeds of the policy belong to the heirs and it is their duty to pay an instalment premium note maturing after the death; and it is not the primary duty of the insurer to present it to the probate court for allowance. If, in such case, the policy provides that the insurance shall be suspended during the default and the heir does not pay, no recovery can be had.

3. ———: ———: **Executor: Action: Trustee.** Where the loss of real property occurs after the death of the insured, the proceeds of the policy belongs to the heirs, though the executor is the proper party to sue upon it. His action is however in the character of a trustee, as distinguished from his executorship.

4. ———: ———: **Will: Direction to Sell Real Estate: Conversion: Money.** Though the will of an insured directs his executor to sell the insured's real property at such time as he may select, the realty is not deemed converted into money until the sale.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED.

*Fyke & Snider* for appellant.

. *J. N. Coil* and *S. A. Wight* for respondent.

ELLISON, J.—Plaintiff's action is on a policy of tornado insurance. He obtained judgment in the trial court.

The policy was issued the 23rd of March, 1909, to John J. Taylor. The premium was represented by a note payable in four instalments of twenty-five dollars each, both the note and policy providing that if any instalment was not paid at maturity the insurance should stand suspended during such default. Taylor died the 21st of October, 1910, and in the same month this plaintiff was appointed executor of his estate. On the 10th of May, 1912, the property insured was destroyed by a tornado. Taylor paid the first instalment note, due in March, 1910, and plaintiff paid the second, due in March, 1911; but the one due in March, 1912, was not paid, so that the property was destroyed during the default on the third instalment. We attach no importance to the inadvertent payment of the second instalment by plaintiff. Taylor left a will with the following provision: "I direct that my executor sell and dispose of all my estate, real, personal and mixed, and wherever situate, after my decease, at pri-

vate or public sale, as in his judgment may be for the best interest of my estate.''

On the face of the contract, the loss during the default being conceded, plaintiff should not recover. But he insists that the death of the insured so changed the situation as to affect the obligation of the parties. He contends that by the insured's death his property and his obligations were placed under the direction and management of the law, as represented by the probate court, and that it became unlawful for the estate to pay an instalment note until it was first allowed by that court. He invokes that rule of law that although one must perform his obligation notwithstanding any accident by inevitable necessity, because he might have provided against it by the contract, ''yet if doing the thing agreed upon becomes unlawful, performance becomes impossible by force of law, and nonperformance is excusable.'' [Sauner v. Phoenix Ins. Co., 41 Mo. App. 480, 485; Heart v. Brewing Co., 121 Tenn. 69.]

We have however concluded, as we did in the first of the cases just cited, that it was the duty of the heirs of the insured to pay the instalment. The provision of the will made by the insured, above set out, directed the executor to sell the property and not convert it into money prior to a sale, and hence did not divert its ordinary course of descent. It went to the heir subject to the power of sale. [Compton v. McMahan, 19 Mo. App. 494; Eneberg v. Carter, 98 Mo. 647.]

The loss occurring after the death of the insured was a loss of the heirs, because the property was theirs and the insurance money was therefore theirs and, of course, it was their duty and obligation to pay premiums falling due. It is true the contract being made with the deceased, his executors, administrators and assigns, the present executor was a proper party to sue. But he does so in the character of a trustee as distinguished from his executorship, and the money

collected would not be assets of the estate. [Sauner v. Phoenix Ins. Co., supra, and authorities therein discussed; Continental Ins. Co. v. Daly, 33 Kan. 601.] Though, of course, it would be liable to be subjected to the payment of debts of the ancestor just as is other property descending directly to the heir.

The judgment must be reversed. All concur.