INDIANA MUTUAL CYCLONE INSURANCE COMPANY
v. RINARD, ADMINISTRATOR.

[No. 15,572. Filed March 11, 1936. Rehearing denied April 24, 1936. Transfer denied October 2, 1936.]

*Nichols & Nichols,* for appellant.

*John D. Wilson,* for appellee.

WOOD, J.—March 28, 1929, appellant issued a policy of insurance to appellee's decedent Milo B. Rinard, under the terms of which it insured his dwelling house against the direct loss or damage by windstorm or cyclone for a term of seven years from said date. Milo B. Rinard died intestate August 24, 1932, the owner of the dwelling house and the land on which it was located. May 9, 1933, while said policy of insurance was still in full force and effect, the dwelling house was damaged by a windstorm. The appellee was appointed administrator of the estate of Milo B. Rinard, deceased, September 12, 1932, and was acting in that capacity at the time of the commencement of this action in the lower court.

The parties disagreed on the adjustment of the loss and the appellee brought this action to recover the amount alleged to be due under the policy, which was made an exhibit to the complaint. Ida Belle Rinard, the surviving widow, and Ralph H. Rinard and Ruth Wolfe surviving children, who together with said widow constituted all the heirs at law surviving Milo B. Rinard, deceased, were made parties defendant to this action. They waived the issuing and service of summons, appeared to said action and filed a disclaimer in which they disclaimed "all interest in this action and the subject matter thereof."

The appellant filed a motion to require the appellee to make the allegations of his complaint more specific, which motion was overruled, after which it filed a demurrer to the complaint for insufficiency of facts to state a cause of action, which demurrer was overruled. Thereupon appellant filed an answer in two paragraphs, the first being a general denial, the second a plea of payment, to which second paragraph of answer the appellee filed a reply in two paragraphs, the first being a general denial, the second alleged that appellant made certain repairs upon the house, but that it was further agreed that appellant in addition to making said repairs, would pay to appellee an amount sufficient to fully compensate him for the loss and damage occasioned to said house by reason of the windstorm.

On these issues the cause was submitted to a jury for trial, resulting in a verdict for appellee. Appellant filed a motion for a new trial which was overruled and judgment rendered for appellee, from which appellant appeals, assigning as errors for reversal the overruling of its motion to make more specific, overruling of its demurrer, and overruling of its motion for a new trial.

The overruling of the motion to make the complaint more specific was not such an abuse of judicial discre-

tion as to constitute reversible error. This action in no way misled the appellant or prevented it from making a full and complete defense to appellee's action, nor did it affect the substantial rights of appellant. Sec. 2-1071, Burns 1933, §175, Baldwin's Ind. St. 1934.

The memoranda filed in support of the demurrer were that the allegations of the complaint failed to show that the appellee had an insurable interest in the property damaged; that the appellee had any authority from the court to bring the action; that it was necessary to sell the real estate upon which the house was located for the purpose of making assets with which to pay the debts of the estate; that from the allegations of the complaint the decedent left heirs to whom the real estate together with the improvements thereon situate descended in fee simple, subject only to sale by order of the court for the purpose of making assets to pay debts of the estate, and that no such order had been obtained; that the proceeds of the insurance policy were not a part of the personal assets of the estate and belonged to decedent's heirs, and that it did not appear that appellee had filed a bond to cover any sum that might be recovered on said insurance policy.

The right of an administrator to bring suit for the proceeds of an insurance policy under such facts as are comprehended within the record in the instant case does not seem to have been passed upon by the courts of appeal of this state. In the case of *Pfister, Admr.* v. *Gerwig* (1890), 122 Ind. 567, 23 N. E. 1041, buildings were destroyed by fire after the death of the insured. The administrator of the estate and the surviving widow joined as plaintiffs brought suit against the insurance company and eight surviving children of the insured to recover the proceeds of the policy. The court held that a right of action on an insurance policy under such

facts reposed either in the heirs or in the administrator, but not in both, and held that the complaint in that case was demurrable, without deciding whether the administrator or heirs would be the proper party plaintiff in such action. We are not confronted here with any controversy between the appellee and the heirs of Milo B. Rinard, questioning the right of appellee to bring this action, nor as to the ultimate disposition to be made of the funds, if any, that may be recovered as a result of this action. The appellant alone questions the right of appellee to prosecute this action.

A contract of insurance upon property is purely a personal engagement by which the insurer, for a consideration paid, agrees to indemnify the person insured against loss arising from damage to his property, in this case by windstorm. The contract appertains to the person with whom it is made and does not run with the property insured. *Nordyke & Marmon Co.* v. *Gery* (1887), 112 Ind. 535, 13 N. E. 683; *Continental, etc., Co.* v. *Munns* (1889), 120 Ind. 30, 22 N. E. 78; *Wyman* v. *Wyman* (1863), 26 N. Y. 253; *Oldhams, Trustee* v. *Boston, etc., Co.* (1920), 189 Ky. 844, 226 S. W. 106; 16 A. L. R. 305; 26 C. J. sec. 1, p. 17.

By the terms of the policy the appellant agreed "to make good unto said assured, his heirs, executors, administrators and assigns all such immediate loss and damage." The policy further provided that, "whenever in the policy the word 'insured' occurs, it shall be held to include the legal representative of the insured." The policy also provided that any change in interest, title or possession of the property as the result of death of the insured should not invalidate it. The appellant agreed to make good the loss to the assured, his heirs, executors, administrators and assigns for a period of seven years irrespective of the question whether the loss occurred before or after his death.

While there may be some apparent conflict among the authorities as to the final disposition to be made of the proceeds of a policy of insurance where the loss occurs after the death of the assured, they seem to be in substantial accord that where the conditions of the policy are similar to those in the instant case, the legal representative of the assured is a proper party to collect for a loss under a fire or windstorm policy, occurring after the assured's death. *Oldhams, Trustee* v. *Boston, etc., Co., supra; Forest, etc., Co.* v. *Hardesty* (1899), 182 Ill. 39, 55 N. E. 139, 74 Am. St. Rep. 161; *Norwich, etc., Co.* v. *Prude* (1906), 145 Ala. 297, 40 So. 322; *Coil* v. *Continental, etc., Co.* (1913), 169 Mo. App. 634, 155 S. W. 872; *Germania, etc, Co.* v. *Curran* (1871), 8 Kan. 9; *German, etc., Co.* v. *Wright* (1897), 6 Kan. App. 611, 49 Pac. 704; *Georgia, etc. Co.* v. *Kinnier's Admx.* (1876), 28 Gratt. (Va.) 88; *Lappin* v. *Charter, etc., Co.* (1870), 58 Barb. (N. Y.) 325; *Matthews* v. *American, etc., Co.* (1897), 154 N. Y. 449, 48 N. E. 751; *Wyman* v. *Wyman, supra;* 8 Couch, Ins. sec. 2063, p. 6738; 26 C. J. sec. 593, p. 444.

Appellant insists that since the widow and children of Milo B. Rinard, deceased, filed their disclaimer before the filing of its demurrer to appellee's complaint, the trial court should have dismissed the action on its own motion, because the appellee had no interest in the real estate belonging to decedent, nor in the proceeds of any settlement made on the insurance policy for damages occurring after his death, to the dwelling house located on said real estate, and that the widow and children of decedent having disclaimed any interest in the subject matter of the action, no one remained who had any right to maintain the same.

This contention is not tenable. The only actions in which disclaimer under our code of procedure (sec. 3-1407, Burns 1933) is authorized are those seeking to

quiet title to or partition real estate, and the disclaimer filed by the widow and children of Milo B. Rinard, deceased, who were named as defendants in this cause, "was nothing more than an answer, confessing the cause of action, and did not require a reply." *Walker, Admr.* v. *Steele* (1890), 121 Ind. 436, 22 N. E. 142, 22 N. E. 271. The court did not err in overruling the demurrer to the complaint.

The specifications properly set forth in the motion for a new trial as causes therefor were, error in the assessment of the amount of recovery, in that it was too large, that the verdict was not sustained by sufficient evidence, and that the verdict was contrary to law. From an examination of the record it is apparent that while there was evidence on every material issue of the case, including the question of damages, it was conflicting. The jury after considering and weighing this evidence, by its verdict determined the issues in favor of the appellee. In order to reverse the judgment, it would be necessary to weigh the evidence. This court cannot weigh the evidence. It was not error to overrule the motion for a new trial.

Judgment affirmed.