THE WESTCHESTER FIRE INSURANCE CO. v. CHARLES K. DODGE, ADMINISTRATOR.

*Insurance—Loss payable to mortgagee—Limitation of time for suing on policy—Suit by administrator of insured.*

Where a loss under an insurance policy is made payable to a mortgagee, as his mortgage interest may appear, the death of the insured cannot make the policy void under the provision that it shall become so if any change takes place in title or possession. Whether it would have that effect in any case—Q.

Where proofs of loss under an insurance policy are received within a reasonable time before the expiration of the period fixed by the policy for bringing suit against it, the company cannot cut off the right to sue by withholding its decision upon the proofs until that period has expired, even though the time allowed for examining the proofs would have consumed it.

A claim under a fire insurance policy does not mature until the company has decided whether it will exercise the right to rebuild, if such a right is reserved.

Whether the right of action on an insurance policy can be limited to a shorter period than is prescribed by the statute of limitations—Q.

Whether a mortgagee's rights in insured property belonging to a deceased person can be impaired by delay in appointing an administrator, and in furnishing proofs of loss—Q.

An administrator can sue on an insurance policy for the use and benefit of a mortgagee to whom the loss is made payable.

Error to St. Clair.    Submitted Oct. 8.    Decided Oct. 20.

Assumpsit.   Defendant brings error.   Affirmed.

*Fraser & Gates* for plaintiff in error.

*Chas. K. Dodge* for defendant in error.   An administrator can sue on an insurance policy for the benefit of a mortgagee to whom losses are made payable: *Watertown Ins. Co. v. Grover & Baker S. M. Co.* 41 Mich. 131; *Wyman v. Wyman* 3 Am. L. Reg. 569.   An insurance company cannot defeat a right of action by delay in acting upon proofs of loss: *Chandler v. St. Paul Ins. Co.* 21 Minn. 85 : 18 Amer. 385; *Killips v. Putnam Ins. Co.* 28 Wis. 472; *Derrick v. Lamar Ins. Co.* 74 Ill. 404.   The forfeiture of a policy is waived by requiring proofs of loss: *Penn. F. Ins. Co. v. Kittle* 39 Mich. 51.

Marston, C. J.   The plaintiff in error insurance company upon the 19th day of October, 1875, by a policy did insure Ira B. Kendrick against loss or damage by fire to the amount of four thousand dollars on certain buildings and personal property, for the period of five years from that date.   Ira B. Kendrick died in April, 1877; the property insured was destroyed by fire June 18, 1878; and the present action was commenced July 11, 1879.   A judgment having been recovered against the insurance company, the case comes here upon writ of error.   The errors assigned will be considered in order :

*First,* that the policy became void before the loss occurred under the condition in the policy providing that if the property insured be sold or transferred or any change take place in title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, the policy should be void.   It was insisted that, under this provision, the policy was rendered void because of the death of Mr. Kendrick before the loss occurred, and for the farther reason that by the will of the deceased a complicated disposition of his real estate had been made, all of which changed the title, rendering the policy void.

Whether the death of a person insured before a loss occurred would render void the policy, we are not called upon

to determine in this case. By the terms of the policy the loss was made "payable to Chester Downer of Sharon, Vermont, as his mortgage interest may appear," and under such a provision the mortgagee could not be cut off from the protection which the policy afforded him, by the death of the person to whom the policy was issued.

*Second*, that the plaintiff in error was released from all liability because this suit was not commenced within twelve months next ensuing after the loss occurred, according to the provision of the policy. I certainly have serious doubts whether the policy and law of the State, fixing a period within which actions may be commenced, can so easily be set aside by the agreement of parties at the time of entering into contract. It appears however that after the death of Mr. Kendrick there was considerable delay in the appointment of an administrator, and it was not until April 19, 1879, that the present administrator was appointed. Proofs of loss were on the same day made out and forwarded to the company, which a few days later acknowledged the receipt thereof and asked for a detailed statement of the property destroyed. This was promptly made out and sent forward, and on the 19th day of May the company acknowledged having received them on the 8th, and that they had been passed over to the adjuster of the company, who had the other papers in the case.

On May 29th the attorney representing the claimant under the policy wrote the company quite fully as to the cause of the delay, offering to furnish any farther information desired, and asking that the loss be adjusted within the year, given by the policy, in which to sue. In reply to this letter, the general agent of the company, under date of June 2d, informed the attorney of the parties in interest that the whole matter of the loss had been referred to the company's adjuster who would be governed by instructions from New York, and added, "What action they will take I am not at present advised. And as they have sixty days from receipt of proper proofs of loss before the claim matures, we may not hear

their decision for some days. The questions will be considered by the examining committee of the company."

Without farther citations from, or reference to, the evidence, it sufficiently appears that the company did not consider or treat the policy as having been forfeited or void for any cause, and the company having received the proofs of loss a reasonable time before the expiration of the twelve months after the date of the loss, could not retain them until after that time, and thus cut off the right of the insured to his remedy at law. The fact that the company had sixty days after due notice and proofs of loss had been received would give the company no such right. Fair dealing at least, on the part of the company, would have suggested the propriety of giving the parties interested due notice of the fact that the company had a valid defense and would insist upon it— if the company intended so to do—but not attempt to deprive the parties of their right to test the same in a court of law by keeping silent and retaining the proofs until the time fixed in the policy had expired.

The mortgagee was one of the persons assured within the meaning of the policy (*Watertown Ins. Co. v. Grover etc.*, *S. M. Co.* 41 Mich. 136), and there may be some question whether his rights could be made to suffer by the delay in the appointment of an administrator and the furnishing of proofs of loss. In no view of this case that may be taken can it be said that the right to bring this action was cut off. The company had the option to rebuild, and until it had determined not to the action could not well be commenced, as the claim did not ripen into a money demand until after that period.

*Third.* It is next claimed that the administrator could not bring this action, as the title to the real estate descended to the heirs upon the death of Kendrick or under the terms of his will. Without passing upon the right of an administrator in ordinary cases, this action has been brought for the use and benefit of the mortgagee, the person to whom this loss, it is conceded, is payable under the terms of the

policy. There is no force in the objection made upon this point.

The judgment must be affirmed with costs.

The other Justices concurred.