In the Matter of LEANDER HINE, Appellant, *v.* SMITH T. WOOLWORTH, as Receiver, etc., Respondent.

The H. F. Ins. Co. issued to B. a policy of fire insurance, insuring him against loss to an amount specified, loss, if any, payable to H., the mortgagee, as his interest might appear. The company covenanted "to make good unto the said insured, his heirs, executors, administrators and assigns," all loss occasioned by fire, not exceeding the amount insured. The policy contained a condition that, if the property insured should be sold or conveyed, or the interest of the insured therein changed in any manner, "whether by act of the insured or by operation of law," the policy should be void until the written consent of the company was obtained. B. died intestate, and thereafter the building insured was destroyed by fire. No consent of the company was obtained. *Held*, that there was a change of interest upon the death of B. within the meaning of, and which avoided the policy ; that the insurance was not for the benefit of the heirs, executors, administrators or assigns, but simply, in case of a loss while the policy was in force, it was made payable to the one entitled thereto.

Prior to the death of B. the company became insolvent and a receiver of its assets was appointed. *Held*, that this did not excuse a failure to obtain consent ; that if the consent of the company or of the receiver

could not be obtained, the case would be treated as one where consent was refused, in which case the company was bound to repay the unearned premium upon the policy ; and if a demand for consent had been made, that would have been the only claim against the receiver.

(Submitted June 19, 1883 ; decided June 26, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 12, 1883, which affirmed an order of Special Term, denying the application of Leander Hine for an order requiring defendant, as receiver of the Homestead Fire Insurance Company, to pay a claim of said Hine under a policy of insurance issued by said company.

The facts, so far as material, are stated in the opinion.

*John C. Hunt* for appellant. If a clause be inserted in a contract creating a forfeiture on the happening of certain events, the party who puts it out of its power to comply herewith cannot, and in justice and equity ought not to, insist upon said forfeiture, unless such party fully complies with the conditions. (25 N. Y. 196 ; 82 id. 336 ; *Empire Mut. L. Ins. Co.*, 16 N. Y. W'kly Dig. 451.) If the receiver had the power to consent and to make waiver of said conditions then he has so done within all the cases. (51 N. Y. 117, 465; 4 Hun, 413 ; Wood on Insurance, 832, 837 [Banks' ed.] .)

*John Lansing* for respondent. By its terms and conditions upon the death of the insured the policy became null and void and no recovery can be had upon it. (*Sherwood* v. *A. Ins. Co.*, 73 N. Y. 447 ; *S. C.*, 10 Hun, 593 ; *Lappin* v. *Charter Oak Ins. Co.*, 58 Barb. 325 ; *Perry* v. *Lorillard F. Ins. Co.*, 6 Lans. 201 ; 61 N. Y. 214.) Only when the mortgagor can recover can the mortgagee recover. Any defense which is good against the insured or his interest is good against the mortgagee or his interest. (*Grosvenor* v. *Atlantic Ins. Co.*, 17 N. Y. 391, 394 ; *Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.*, id. 401, 411 ; *Hastings* v. *Westchester F. Ins. Co.*, 73 id. 141, 149 ; *Perry* v. *Lorillard F. Ins. Co.*,

61 id. 214, 217 ; *Bidwell* v. *North-western Ins. Co.*, 119 id. 179, 183 ; *Richmond* v. *N. F. Ins. Co.*, 15 Hun, 248, 254 ; *Van Alstyne* v. *Ætna Ins. Co.*, 14 id. 360, 362.) This proceeding, not having been commenced within one year next after the claim accrued, it cannot be maintained. ( *Wilkinson* v. *First Nat. Ins. Co.* 9 Hun, 522 ; 72 N. Y. 499 ; *Ripley* v. *Ætna Ins. Co.*, 30 id. 136 ; *Magee* v. *Hamilton Ins. Co.*, 39 id. 46.)

EARL, J.   On the 30th day of May, 1877, the Homestead Fire Insurance Company issued a policy of insurance to John Brouillet for the period of three years, from that date.   It insured Brouillet against loss or damage by fire to the amount of $1,160, on his dwelling-house, furniture, etc., the loss if any first payable to Leander Hine, as his mortgage interest might appear.   The policy contained a condition that if the property insured should be sold or conveyed, or if the interest of the insured therein should be changed in any manner, whether by act of the insured or by operation of law, the policy should be null and void until the written consent of the company at the home office was obtained.   Brouillet died on the 2d day of March, 1878, intestate, leaving his widow and children surviving, who all continued in possession of the premises and occupied the dwelling-house until the 17th day of April, 1878, when the dwelling-house and a portion of its contents were burned.   The insurance company failed and a receiver of its assets was appointed on the 6th day of January, 1878.   Letters of administration were issued upon the estate of Brouillet, and then the administrator, and widow and heirs at law assigned all their claims under the policy to the mortgagee Hine, who, thereafter, was solely interested in the insurance, and had the sole right to claim whatever was due upon the policy.   The amount of the loss was adjusted at $447.20.   The policy contained a clause promising on the part of the company " to make good unto the said insured, his heirs, executors, administrators and assigns, all such loss or damage not exceeding in amount the sum insured, as shall happen by fire," etc.   But the policy

by its terms insured no one against loss but Brouillet. It did not by its terms insure the heirs, executors, administrators and assigns, against loss by fire ; but merely insured Brouillet, and then promised to pay such insurance to him, his heirs, executors, administrators and assigns. He might suffer a loss in his life-time and then die, and the loss would be payable to his executors or administrators ; or he might suffer a loss and then assign it, and then it would be payable to his assignee. The word " heirs " is in the same connection with the words " executors, administrators and assigns," and the language imported a covenant to pay to them, and in case the estate was so situated that they would become entitled to the payment, the loss would be payable to them. But there was no insurance for their protection. In order to hold that this was an insurance for the benefit of the heirs, we should also have to hold that it was an insurance for the benefit of executors, administrators and assigns, and the latter term would embrace any person to whom the insured might convey his property. Such clearly was not the intention of the policy. Therefore, when Brouillet died and the title to the property was transferred to his heirs there was such a change of interest as avoided the policy until the consent of the company should be obtained. That was not obtained, and there was no effort made to obtain it.

But it is further claimed that as the company became insolvent and a receiver had been appointed of its assets there was no one to consent to this change in interest. The receiver could probably have given the consent; but if the heirs could not obtain the consent either of the company or of the receiver, then under the policy this should be treated as a case where consent was refused, and the company was bound to repay simply the unearned premium upon the policy, and that would have been the only claim against the receiver if the demand had been made. We think these views are fully sustained by the cases of *Lappin* v. *Charter Oak F. & M. Ins. Co.* (58 Barb. 325) ; *Sherwood* v. *The Agricultural Ins. Co.* (73 N. Y. 447 ; 29 Am. Rep. 180).

The order should, therefore, be affirmed with costs.

All concur, except DANFORTH, J., not voting, and ANDREWS, J., absent.

Order affirmed.