Filed March 15, 1890.

No. 13,831.

Pfister, Administrator, et al. v. Gerwig et al.

Insurance.—*Transfer by Law of Property Insured.*—Where a by-law of an insurance company contains a provision that in case of a transfer of the property insured the policy shall be void, a transfer to the heirs, or executors, or administrators by operation of law upon the death of the insured, does not avoid the policy.

Same.—*Death of Insured.*—*Destruction of Property.*—*Right of Action.*—*In Whom Lies.*—The right of action on an insurance policy for the destruction of property after the death of the insured, lies either in the heirs or in the administrators, but not in both; and a complaint by both is demurrable.

SAME.—*Mutual Company.* — *By-Laws.*—*Notice.* — *Member Charged with.*—A person who enters a mutual insurance company becomes a member of the company and is bound to take notice of the by-laws in force at the time he acquires membership; and a transfer by mortgage of the property insured in violation of a by-law, providing that a transfer or encumbrance of the property by mortgage or otherwise, unless ratified by the board of directors, cancels the policy, is destructive of the right of recovery.

SAME.—*By-Laws.*—*Assent to.*—A person who becomes a member of a mutual insurance company assents to the by-laws under which he acquires a membership, and he can not afterwards successfully assail their validity on the ground that they were not regularly adopted.

From the Vanderburgh Circuit Court.

*P. Maier, W. P. Edson, J. M. Shackelford* and *S. B. Vance,* for appellants.

*J. E. Iglehart* and *E. Taylor,* for appellees.

ELLIOTT, J.,—This action is prosecuted by Aloysius Pfister, administrator of the estate of Joseph Gerwig, deceased, and by Rosina Gerwig, widow of the intestate, against the German Mutual Insurance Company, and eight children of the deceased. The complaint is founded on a policy of insurance issued to the intestate in his lifetime, and conditioned that the loss shall be payable to the insured, his heirs, executors, or administrators. Both personal and real property are covered by the policy, and each species of property is separately insured. After the death of the assured the property described in the policy was destroyed by fire. It is averred in the complaint that the administrator obtained an order to sell the property for the payment of the debts of the decedent, but before sale was made the property was burned. One of the paragraphs of the answer sets forth a by-law of the company forbidding the transfer of the property, and providing that in case of a transfer the policy shall be void, and it is averred that a transfer was made by operation of law, inasmuch as the death of the assured transferred the property to his heirs. To this paragraph a demurrer was properly sustained, for the reason that a transfer to the heirs,

or executors, or administrators, by operation of law, upon the death of the insured, did not avoid the policy in this instance. The facts pleaded do not bring the case within the class of cases represented by *Hine* v. *Woolworth*, 93 N. Y. 75, for the reason that the inhibition in the policy and by-laws does not cover a transfer made by law upon the death of the assured to his heirs or personal representatives.

The seventh paragraph of the answer sets forth a by-law, and avers that it was violated by the assured by the execution of a mortgage. The by-law pleaded reads thus : " Transfers of policies are to be made only by the assent of the board of directors. Every transfer or incumbrance of the property whether by mortgage, judgment lien, or otherwise, after the same has been insured in the company, cancels the policy, and the same is null and void, except such transfer or incumbrance is ratified by the board of directors, and shall be noted on the policy." The answer is addressed to so much of the complaint as seeks a recovery for the value of the real estate, and offers to confess judgment for the value of the personal property. Issue was formed by a reply. The mortgage was introduced in evidence, and the court instructed the jury to find for the defendant, the insurance company. The defendant subsequently paid into court the amount of the insurance upon the personal property, and the penalty provided by statute. The plaintiffs accepted the sum paid into court, and, as the record recites, " waive the error arising from the failure of the jury to find in their verdict against the defendant, the German Mutual Fire Insurance Company of Indiana, for the damages for such loss upon the counters and shelving described in the policy of insurance set up in the complaint, but waive nothing further." It thus appears that the plaintiffs recovered, and received the full value of the personal property, so that the only question is as to the right to recover the value of the real estate destroyed by fire.

There is some conflict in the authorities as to whether an administrator can sue on a policy of insurance on real estate

executed to the decedent in·cases where the property is burned after his death.   Mr. Croswell says : " The money paid over under a policy of insurance on buildings is personal property, if paid before the death of the decedent; but if the buildings are destroyed after the death of the decedent, the money is real estate." Croswell Executors and Administrators, section 357.   In *Wyman* v. *Wyman,* 26 N. Y. 253, it was held that the heirs may sue, and other cases lay down a similar doctrine.   *Burbank* v. *Rockingham, etc., Co.,* 24 N. H. 550 ; *Culbertson* v. *Cox,* 29 Minn. 309 (43 Am. R. 204). But in *Lappin* v. *Charter Oak, etc., Ins. Co.,* 58 Barb. 325, *Westchester Fire Ins. Co.* v. *Dodge,* 44 Mich. 420, a somewhat different doctrine seems to be asserted.   We do not, however, deem it necessary to decide this question, for the case may be disposed of on other grounds.

If it be true that the heirs alone can maintain the action, then the administrator has no cause of action, but if it be true that the administrator alone can sue, then the heirs have no cause of action, and, therefore, whatever view be taken, the complaint is bad, since it is firmly settled that a complaint by two or more persons must show a cause of action in all, or it will be bad on demurrer.   The rule, as asserted in a long line of decisions, is that a complaint not good as to all the plaintiffs is not good as to any of them.   *Brumfield* v. *Drook,* 101 Ind. 190 ; *Ætna Ins. Co.* v. *Kittles,* 81 Ind. 96 ; *Schee* v. *Wiseman,* 79 Ind. 389 ; *Berkshire* v. *Shultz,* 25 Ind. 523.

We regard the transfer by mortgage as fatal to the right of recovery.   A person who enters a mutual insurance company becomes a member of the company, and is bound to take notice of the by-laws in force at the time he acquires his membership.   *Bauer* v. *Samson Lodge, etc.,* 102 Ind. 262 ; *Holland* v. *Taylor,* 111 Ind. 121 ; *Supreme Lodge, etc.,* v. *Knight,* 117 Ind. 489 ; *Gray* v. *Supreme Lodge,* 118 Ind. 293.

It is urged that the directors had no authority to adopt

the by-law relied on by the appellees. To this position there are two answers: *First.* The articles of association, corresponding to what the text-writers call the constating instrument, confer authority upon the board of directors to enact by-laws, and this is a valid delegation·of authority. Wood's Field Corp., section 266. *Second.* A person who becomes a member of a mutual insurance company assents to the bylaws under which he acquires a membership, and he can not afterwards successfully assail their validity on the ground that they were not regularly adopted. Or, as Mr. Waterman states the rule: "A person who has voluntarily become a member of a corporate body can not object that the corporation had no power to make a by-law." 1 Waterman Corp., p. 235.

There is an essential difference between strangers and the members or stockholders of a corporation, for strangers are not always precluded from questioning the validity of bylaws, nor always bound to take notice of them, although there are instances in which they can not question them, and wherein they are chargeable with notice of them. 1 Waterman Corp. 273.

One of the duties of a person who becomes a member of a mutual insurance company is to inform himself of its bylaws, and he can not escape their force, although he may have had no actual knowledge of them. A very strong application of this rule was made in a mutual insurance company case in which Chief Justice Gibson declared that without such a rule mutual companies could not·exist. *Susquehanna Ins. Co. v. Perrine,* 7 Watts & Sergt. 348. In the case of *Miller v. Hillsborough Mutual Ins., etc., Ass'n,* 42 N. J. Eq. 459, the general doctrine was carried very far, the court saying: " But it is clear that a member of the company is chargeable with notice of all the by-laws of the company and of the conditions of insurance adopted by the company, whether contained in the by-laws or in resolutions." It is, perhaps, to be regretted that the Legislature has not re-

quired by-laws of a character directly affecting the contract of insurance to be set forth in the policy, but that is a matter for the Legislature and not the courts.

