# Pinckneyville Mutual Fire Insurance Co. v. Edd Kimmel, Administrator, etc.

1. INSURANCE—*Death of Insured—Effect on the Policy.*—Where there is nothing in the terms of a policy, or in the statute or by-laws governing the company, which continues the policy to the heirs after the death of the insured, a suit for a loss occurring after such death can not be sustained.

2. SAME—*County Fire Insurance — Death of Member — Insurance Ceases.*—Upon the death of a member of a company, organized under the county fire insurance act, there is no liability of assessment for losses occurring thereafter, and the insurance ceases.

3. SAME—*Contract Personal—Ends in the Death of the Insured.*—A contract of insurance between the insurer and the insured is personal for his benefit, for losses which he may sustain while he owns the property insured, and not for losses sustained by his heirs after its transfer to them by operation of law, occasioned by the death of the insured.

4. SAME—*Conditions Precedent to Bringing Suit.*—The statute providing that in case of a loss the insured may have the damages assessed by the award of a committee appointed by the county judge, is not mandatory.

**Assumpsit,** on policy of insurance. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1895. Reversed. Opinion filed July 1, 1895.

I. R. SPILMAN, attorney for appellant.

BENJAMIN W. POPE, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellant is organized under the statute as a county fire insurance company. On the 13th day of March, 1893, Edwin Burbank became a member of the company by insuring his house, barn and contents for $1,160, for the period of five years. He died in May, 1894, and the house, barn and contents were burned in August, 1894. The company refused to pay the loss or adjust it, whereupon this suit was brought and verdict and judgment obtained for

$1,160, from which this appeal is prosecuted. Various errors were preserved and are assigned on the record.

Sec. 6 of the County Fire Insurance Act, Chap. 75, Hurd, p. 844, provides, the directors of such corporation "may make such by-laws, not inconsistent with the constitution or laws of this State, as may be deemed necessary for the management of its affairs in accordance with the provisions of this act." Sec. 11 of the act provides, that in case of loss, and it exceeds $200, the directors shall appoint three disinterested members of such company to ascertain the amount of such loss, and in case the parties can not agree upon the amount, the claimant may appeal to the judge of the county court, who shall appoint three disinterested persons as a committee of reference, who shall have power to examine witnesses and determine all matters in dispute, and shall make their award in writing to the president of such company and such award shall be final. Sec. 12 provides for making an assessment to pay losses, and Sec. 14 provides "that suits at law may be brought against any member of such company who shall neglect or refuse to pay any assessment made upon him by the provisions of this act."

The policy of insurance issued recites: "Be it here known, that Edwin Burbank * * * has, on the 13th day of March, 1893, become a member of (appellant company), according to the provisions of their charter and by-laws, and is insured for five years." Sec. 9 of a by-law, printed on back of policy, provided that any person insured whose property was incumbered, should, in case of loss by fire, "be entitled to the amount for which said property was insured, provided said building is rebuilt to the amount of the value of said loss adjusted, said claimant giving bond, with two or more securities, approved by the president of the company, that he will re-build the said building."

It is claimed by the appellant, first, that the appellee should have had the damages assessed or determined by the award of a committee appointed by the county judge under section 11. That position is not well taken, for two reasons: first, that section provides the "claimant may appeal to the judge" for the appointment of such committee; it

is not mandatory; second, that can only be done when the parties fail to agree on the amount of such loss. In this case the committee appointed by directors to ascertain the amount of loss reported back that after careful examination, they were of the opinion the property was destroyed by fire set by one or more of the heirs. Therefore the failure to agree was not as to the amount of the loss, but as to the liability for the loss. The statute does not provide for the adjustment of such a difference. It is claimed by appellant, second, that there can be no recovery because no bond was tendered to secure the rebuilding of the dwelling house and barn destroyed by fire, as provided by section 9, printed on the back of the policy. This position is not tenable: first, because that section does not appear as a by-law or regulation among the laws or regulations introduced in evidence; second, if it was, it only relates to an adjusted loss, and therefore is not applicable to a loss that the corporation refuses to recognize as a liability.

It is also claimed by appellant, third, that the administrator can not maintain this action on the policy, for the reason it had ceased to be in force at the time of the loss, on account of the death of the insured member before it occurred. It is considered this point is well taken. It will be observed the insured member died in May, 1894, and the property was burned in August, 1894. There is nothing in the terms of the policy, by-laws or statute that continues the policy to the heirs, after the person insured ceases to be a member by death. The policy itself only insures the member, and not the member and his heirs. Membership ceased by death and only members can be insured. There was no liability of assessment for losses occurring after death. Sections 13 and 14 only provide for notice to, and suits against members, to pay or recover such assessments. The liability ceasing with death, the insurance ceased at same time. Edwin Burbank was, by the contract, insured, and not the thing or property. "The principle of indemnity is the general principle that runs through the whole contract of insurance. A contract of indemnity is given to a person against his sustaining loss or damage,

and can not properly be called one that insures the thing, it not being possible so to do. Angell on Ins., p. 1; May on Ins., Sec. 6. The person insured must have a "subsisting interest during the risk, and until and at the time of the loss." Arnold on Ins., Vol. 1, p. 238; Wood on Ins., p. 476, Sec. 251; Phillips on Ins., Vol. 1, p. 112; see The Sadler's Company v. Babcock and others, 2 Atkyns Rep. 554. The law is so held to be, without reference to the contract of the policy as to change or transfer of title. The chancellor says: "To whom, or for what loss are they to make satisfaction? Why, to the person insured and for the loss he may have sustained." Hancox v. Fishing Ins. Co., 3 Sumner (U. S. C.) p. 142. See Carpenter v. The P. W. Ins. Co., 16 Peters, p. 502, for further discussion of principle. The case of Wilson v. T. M. F. Ins. Co., 19 Penn. St. 372, is much like this one in principle. That was a mutual company. It was there held a transfer of the property dissolved the relation of membership, as an incident to the contract, without regard to the by-laws so providing.

The cases of Sherwood v. Agricultural Co., 73 N. Y. 447, and Matter of Hine v. Woodworth, 95 N. Y. 75, are much like this. There loss occurred after death and it was held the heirs were not insured and the administrator could not recover. True, the policies in those cases provided against a change of title, but as said in the Woolworth case, .p. 78, in speaking of the heirs, "there was no insurance for their protection." The other authorities show this is true on principle. The contract was personal, for loss Edwin Burbank might sustain while he owned the property, and not after its transfer to the heirs by operation of law. It might be, the company would not take them in as members. See Miller v. German Ins. Co., opinion filed by this court in June, 1894.

A contract against a fortuitous or uncertain event is termed in law "hazardous" (Angell on Ins., p. 1), and the insurer has the right to determine with whom such hazards shall be placed. It is considered the appellee can not maintain this action, and therefore the judgment is reversed, without remanding.