## ROBINSON v. SPENCER.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—BORROWER'S OBLIGATION—OFFSETS—VALUE OF STOCK.

Where the articles of association of a building and loan association organized under Laws 1851, c. 122, provided that any obligation due the corporation might be canceled by applying thereto the amount to the credit of all shares owned by the obligor, upon the insolvency of such corporation a borrower who was indebted to it for a loan thereupon becoming due and payable, which was evidenced by his note secured by his stock as collateral, became immediately entitled to have his note credited with the value of his stock.

2. SAME—ACTION BY RECEIVER—DETERMINATION OF VALUE OF STOCK—APPROXIMATION.

In an action by the receiver of such association upon the borrower's note, difficulty or impossibility in determining the exact value of such stock was no reason why the offset should not be allowed where such value could be approximated.

3. CASE SUBMITTED—SUFFICIENCY OF STATEMENT OF FACTS—DISPOSITION.

Under Code Civ. Proc. § 1281, providing that, if the statement of facts on which a case is submitted pursuant to section 1279 is insufficient to enable the court to render judgment, the court must dismiss the submission, unless it sees fit to allow additional statements to be filed, where it appeared in an action by the receiver of an insolvent building and loan association against a borrower that defendant was entitled to have the value of his stock in the association credited on his indebtedness, but that such value would have to be approximated, in the absence of any such approximation in the case submitted the submission would have to be dismissed.

Submitted controversy by Charles D. Robinson, receiver, against Bushrod H. Spencer. Case dismissed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

W. E. Kisselburgh, Jr., for plaintiff.
John J. Linson, for defendant.

WILLARD BARTLETT, J. When the Mercantile Co-Operative Bank (which was a building and loan association, organized under chapter 122 of the Laws of 1851) became insolvent, the defendant, who was a member of the corporation, was indebted to it in the sum of $300, with interest, on his note for that amount, secured by 50 shares of the corporate stock as collateral. At the time the note was made, the books of the corporation showed a credit to the account of the defendant in the sum of $457.50, representing $331.29 paid by the

defendant as dues on the said 50 shares of stock, $66.21 paid into a fund known as the "expense fund," and $60 paid for insurance. In winding up the affairs of the corporation, the defendant will be entitled to receive something on account of this $331.29 so appearing to his credit, thus lessening to that extent the amount which he will be out of pocket by reason of the obligation of his note. How much will eventually come to him does not at this time appear. The agreed statement of facts sets out that, although assets of the corporation are in the hands of the plaintiff as its receiver, "the amount of dividend to which the above-named defendant will be entitled upon the distribution thereof cannot now be ascertained, for the reason that a large amount of said assets have not yet been converted into cash, and its value has not been ascertained." Under these circumstances the receiver contends that no credit should now be allowed to the defendant as an offset or counterclaim upon his note, but that he should be adjudged liable to pay the note in full, with interest thereon, at once, and must await the final distribution of the corporate assets by the receiver before he can be allowed anything on account of what the corporation owes him. This view is contrary to that expressed by this court in the case of Breed v. Ruoff, 54 App. Div. 142, 66 N. Y. Supp. 422, where we held that, if there was any dividend presently due to the defendant as a member of the corporation, no good reason appeared why he should be compelled to pay the full amount of the loan in the first instance. Section 80 of the articles of association of the Mercantile Co-Operative Bank provides as follows: "Any obligation due the corporation may be canceled by applying to the same the amount to the credit of all shares owned by the obligor." If, as the plaintiff contends, the amount of the defendant's note, with interest thereon, became due and payable upon the dissolution of the corporation, the provisions of section 80 thereupon became immediately operative and available in his favor. He became entitled, at least, to have applied upon his note some portion of the assets of the corporation, if there were any assets; and that there are assets is conceded. The contract between the parties here is not merely that arising upon the note, but includes also the defendant's rights and privileges under the articles of association of the corporation; and the latter cannot be ignored when the receiver of the corporation undertakes to enforce the defendant's obligation upon the former. But it is argued that great practical difficulties stand in the way of determining the amount of the offset to which the defendant is entitled. The terms of the submission, however, do not show that it is impossible. The averment goes no further than to assert that the amount "cannot now be ascertained"; that is to say, could not be ascertained at the date of the submission. There is no allegation that it cannot be approximated, as was suggested to be the proper course in Breed v. Ruoff, supra; and the defendant, as appears by his alternative demand at the close of the submission, will be satisfied with a judgment against him on the note which deducts "the dividend due him on his shares, the same to be approximately ascertained and duly credited on the note." I think the defendant is entitled to such deduction. In the absence, however, of any statement in the submission approximating the probable dividend

payable to him, this court is without the necessary information to enable it to render the proper judgment; and hence, under section 1281 of the Code of Civil Procedure, we are compelled to dismiss the submission, without costs to either party. All concur.