HENRY J. COGGESHALL, as Receiver, Plaintiff, *v.* ADOLPH SUSSMAN, Defendant.

(County Court, Kings County, September, 1903.)

Building and loan association — Plea of ultra vires interposed against it — Loaning powers.

Where a member of a building and loan association borrows money of it on his note with his stock as collateral he cannot escape payment of the note by alleging that the association had no power to loan money except on real estate.

*Semble,* that an association incorporated under L. 1892, ch. 689, art. V may loan on property other than real estate and that the Banking Law (L. 1892, ch. 689, § 25, subd. 5, added by L. 1895, ch. 929, § 1) forbidding a banking corporation to loan on its own stock does not apply to such an association.

ACTION to recover on a note.

Van Auken & Rice, for plaintiff.

Watson & Kristellar, for defendant.

CRANE, J. The Mutual Benefit Loan & Building Company was a building loan association incorporated under

article V, chapter 689 of the Laws of 1892, which more than a year ago became insolvent and passed into the plaintiff's hands as receiver.

In 1893 the defendant subscribed for ten shares of installment stock in this company, which entitled him upon the payment of ten dollars per month to a loan of two hundred dollars per share. A year later he also subscribed for six shares of the prepaid stock of the association.

Payments were made upon or credited to these respective shares in accordance with the scheme of the business until in January, 1900, the defendant procured from the company a loan of $900, giving as security therefor his three months' promissory note in that amount and assigning his said shares of stock by writing, wherein he agreed to continue the installment payments on his shares, to pay a premium of three per cent. per annum for the loan, besides six per cent. interest on the note, and that in case of default in the payment of principal, interest and premium within the time specified, the shares of stock were to become the property of the company.

The defendant failed to make payment when due and this action is brought by the receiver to recover on said note. It is claimed on behalf of the defendant that no recovery can be had as the loan association was without power or authority to loan its money on a note secured by an assignment of its shares of stock, and not having this power the loan became like other loans subject to the usury laws, so that the provision for more than six per cent. interest, to wit, the additional three per cent. premium, renders the note void.

As before stated, the association was incorporated under article V, chapter 689 of the Laws of 1892. The purpose of such a corporation as specified in section 170 is no doubt to help or assist its shareholders or members to procure and pay for homes, or real property, by loaning to them money to be repaid in small periodical payments or installments, but the only restriction which the act places upon the company's loan of funds is contained in section 171, which

25

reads: "No loan made by such corporation to any of its members shall exceed in amount the par value of the capital stock for which such member or stockholder may have subscribed."

Unless it is implied from the purpose and object of such an association as this, there seems to be no direction in the act as to the kind of security that shall be taken from members for loans, unless subdivision 16 of section 170, specifying what the certificate of incorporation shall contain, means that only mortgage security shall be taken. That subdivision is in these words: "The mortgage security to be taken on such advances and how the same may be changed." With this exception, and that of section 171, above quoted, there is no specification or limitation in this act of 1892 as to the security upon which the companies may make loans.

Unless so restricted or limited I am inclined to believe that a building loan association might loan out its money upon any good and proper security like any other corporation, for although most of the cases which I have examined show that loans were made upon real estate security, yet the opinion in some indicate that this could legally be done. Union Building Loan Assn. v. Masonic Hall Assn., 29 N. J. Eq. 389; Massey v. Building Assn., 22 Kan. 624.

Thornton & Blackridge on Building Loan Associations, 280, say that a loan on shares of stock accompanied by no other security is usually unauthorized, which means that statute law generally prohibits it, as the case cited indicates. Cullerne v. London & Suburban General Permanent Building Society, L. R., 25 Q. B. Div. 485, referred to by them as authority, was based upon an act of Parliament limiting loans to security of landed property, farmhold, copyhold or leasehold.

Evidently the incorporators of the plaintiff's company believed that they were not restricted to real estate security in every case, for in their certificate of incorporation, as well as in the by-laws, it was provided that "Loans may also be made upon pledge of shares up to not more than ninety per cent. of the withdrawal value of the same."

But the defendant insists that the Laws of 1895, chapter 929, and the Laws of 1896, chapter 452, prohibited corporations like this from loaning on its stock, even if chapter 689 of the Laws of 1892 did not. Chapter 929 of the Laws of 1895 adds to section 25 of the Banking Law, subdivision V, which reads: "No such corporation shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith; and stock so purchased or acquired, shall within six months from the time of its purchase be sold or disposed of at public or private sale. Every person or corporation violating the provisions of this subdivision shall forfeit to the people of the state twice the nominal amount of such stock." It is quite apparent that this general provision referring to various companies does not apply to building loan associations and their peculiar share stock, but to the capital stock of banks, trust companies and the like.

It has always been the practice for the borrower to assign his shares of stock to the company upon procuring a loan even when giving mortgage security, and moreover chapter 705 of the Laws of 1894, which specifically applies to building loan companies, was in force when the general law of 1895 was passed and still is the law, and thereby loans upon shares of stock held by the borrower may be made even in some cases without other security. Clearly this provision of the law of 1895 is not meant to apply to building loan associations. But even if it did, the penalty of making a loan on its stock is a forfeit by the company to the State of twice the nominal amount of such stock and not the avoidance of the loan. That would still stand as valid, otherwise the forfeit might be thrice the value of the stock. Again, it cannot be said the loan was upon the stock, although an assignment of it was taken, as it appears that the defendant's promissory note was given as security and the suit here is upon that. This action is not brought to determine the right of either party to the stock.

As the plaintiff's company did not reincorporate under chapter 705 of the Laws of 1894, its provisions, limitations and restrictions pertaining to loans do not apply to it, so that the defendant's claim amounts to this; that either by the law of its incorporation, or else by the Laws of 1895, chapter 929, the loan association was prohibited from loaning money on a note secured by assignment of its share-stock and a note so taken is, therefore, void.

Chapter 122 of the Laws of 1851 is almost the same in its wording and provisions with article V, chapter 689 of the Laws of 1892, and contains the same limitations upon loans and investments, yet under it the Mercantile Cooperative Bank was incorporated, the articles of association, section 74, authorizing the board of directors to loan upon any unpledged shares such a percentage of the dues paid thereon as they might deem expedient upon receiving from the holder of such shares such note or other instrument as the board of directors may require, together with an assignment of his shares as collateral security. The suggestion that a note so taken was void as prohibited and usurious seems never to have been made or thought of. Robinson v. Spencer, 72 App. Div. 493.

Although I may have intimated my opinion of the company's powers under its charter, it is unnecessary in deciding the case to pass definitely upon the point, for even conceding that the company exceeded its powers in loaning money on security other than real estate, the validity of the act although *ultra vires* could not be questioned by the defendant in order to keep the money paid out to him. He was a shareholder, a member of the association and as such presumed to know its charter and by-laws. Having borrowed the company's money he cannot keep it on the plea that it had no legal right to loan it. He cannot raise the question of *ultra vires* when the contract or agreement has been executed by the company. To permit him to do so would work a great injustice to the other shareholders. See Pfeister, Admr. v. Gering, 122 Ind. 567; Central Building & Loan Assn. v. Lampson, 60 Minn. 422; Whitney Arms Co. v.

Barlow, 63 N. Y. 62. By section 173, chapter 689 of the Laws of 1892, it is not usurious for a corporation created thereunder to charge premium as well as interest on loans, and it has been so held in the case of the Mutual Benefit Loan & Building Co. v. Lynch, 54 App. Div. 559.

Even if the company exceeded its powers in not taking all the required security, nevertheless it would be protected by the provisions of the act if the loan was made in good faith in the ordinary course of business and not simply in the form of a building association loan as a cover for a usurious contract. The mere fact that the defendant had been a shareholder in the company for over seven years before applying for a loan indicates that there was no intention to evade the usury laws by resort to building loan formalities.

For these reasons I give judgment for the plaintiff in the sum of $900 and interest, less $226.99, advance dividend.

Judgment accordingly.