ANNE ZIMMERMAN, as Administratrix of the Estate of MARK SAMUELS, Deceased, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

First Department, June 2, 1922.

Insurance — burglary insurance — complaint based on insurance policy against " mercantile safe burglary " not sufficient which alleges burglary of store — liability not limited to lifetime of insured, where policy does not so state.

The complaint in an action to recover on a policy of insurance against " mercantile safe burglary " does not state a cause of action where it is alleged "That thereafter and on or about October 24, 1920, a burglary was committed at 136 Fifth Avenue, being the place of business of said Mark Samuels, assured, and goods, wares and merchandise, consisting of furs and upwards of the value of $26,000 were stolen from the said location," for it contains no allegation of any burglary from a safe.

*It seems,* that the liability of an insurance company on a policy of insurance against safe burglary is not terminated by the death of the insured, in the absence of any stipulation that the policy shall be void if the interest in the property is transferred by operation of law.

APPEAL by the plaintiff, Anne Zimmerman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of October, 1921, upon an order of the Supreme Court made at the New York Special Term on the 29th day of September, 1921, granting defendant's motion for judgment on the pleadings, consisting of a complaint and answer, and also from said order on which said judgment was entered.

*Walter L. Post,* for the appellant.

*Rifkind, Reilley & Schwinzer* [*Albert J. Rifkind* of counsel; *Thomas T. Reilley* and *L. Victor Roudin* with him on the brief], for the respondent.

SMITH, J.:

The action is brought upon two policies of burglary insurance identical in form, but of different amounts and dates. Both policies cover the time in question, when it is claimed that the loss occurred. Unless the policies have been canceled or have become ineffective by the death of Mark Samuels, who was named in the policies as the person insured, the policies were still in force at the time of the burglary.

It is not necessary here to determine whether the death of Mark Samuels canceled the policies. Authorities in other States hold to the contrary. (*Hardesty* v. *Forest City Ins. Co.,* 77 Ill. App. 413; affd., 182 Ill. 39; *Burbank* v. *Rockingham M. F. Ins. Co.,* 24 N. H. 550; *Westchester Fire Ins. Co.* v. *Dodge,* 44 Mich. 420; *Pfister* v. *Gerwig,* 122 Ind. 567; *Georgia Home Ins. Co.* v. *Kinnier,* 28 Gratt. [Va.] 88.)

The cases upon which the defendant relies in this State are *Matter of Hine* v. *Woolworth* (93 N. Y. 75) and *Sherwood* v. *Agricultural Ins. Co.* (73 id. 447) which were decided upon policies which are clearly distinguishable from the policies here in question, inasmuch as those policies contained provisions that the policy shall be void if the interest in the property is transferred " by operation of law " which would include the passing of the title upon the decease of the party insured. No such provision is contained in the policies in question. The policies were written by defendant. The time covered by the policies was one year from date. That time had not expired. It would seem if it had been the intention to limit liability to the lifetime of the insured that the policies would have so stated. It is perhaps unnecessary, however, to determine this question in this case, because as I read the policy the complaint presents no right of recovery in any event. The policy is clearly a policy as stated as against " mercantile safe burglary." It is a policy for loss by burglary " of Money in current use, Bullion, Securities (as hereinafter defined), uncancelled United States Government Post Office or Revenue Stamps and Merchandise described in the Schedule hereinafter contained and therein stated to be insured hereunder in consequence of the felonious abstraction of the same during the day or night from the safe or safes described in the said Schedule, and located in the office or store-room actually occupied by the Assured and described in said Schedule, and herein-

after called the premises, by any person or persons who shall have made entry into such safe or safes by the use of tools or explosives applied directly to the outside thereof." The insurance, therefore, seems to be limited to a burglary from certain safes described in the schedules annexed to the policy.

The complaint alleges in paragraph 9: " That thereafter and on or about October 24, 1920, a burglary was committed at 136 Fifth Avenue, being the place of business of said Mark Samuels, assured, and goods, wares and merchandise, consisting of furs and upwards of the value of $26,000 were stolen from the said location." There is no allegation in the complaint of any burglary from a safe, as against which only the defendant in the policies in question agreed to indemnify the plaintiff.

The judgment and order dismissing the complaint should, therefore, be affirmed, with costs.

CLARKE, P. J., PAGE, MERRELL and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.